SANFORD HOOPER AND BUFORD BENTON v. THE STATE.

No. 2770.   Decided November 19, 1913.

**1.—Assault to Rape—Evidence—Witness.**

Upon trial of assault to rape, there was no error in permitting the State's witness to explain why he had not interfered and why he had not promptly reported to the officers that an attempt to rape was being made.

**2.—Same—Severance—Practice in District Court.**

Where the application for a severance was made orally after the trial had begun, the same was properly overruled.

**3.—Same—Aggravated Assault—Charge of Court.**

Where the State's evidence made a plain case of assault with intent to rape upon a female under the age of consent, which defendant denied, there was no error in the court's failure to submit a charge on aggravated assault.

**4.—Same—Argument of Counsel.**

In the absence of a special charge, and it not appearing of record that the argument objected to was made, the matter can not be reviewed on appeal.

**5.—Same—Sufficiency of the Evidence.**

Where, upon trial of assault with intent to rape, the evidence sustained the conviction, there was no error.

Appeal from the Criminal District Court of Harris. Tried below before the Hon. C. W. Robinson.

Appeal from a conviction of assault with intent to rape; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellants.

C. E. Lane, Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellants were jointly indicted, tried together, both found guilty of assault with intent to rape, and their punishment assessed at two years confinement in the penitentiary.

A witness for the State, Cleveland Johnson, had testified as a witness for the State to material facts tending to corroborate the testimony of the witness Beulah Thomas, the alleged assaulted girl. On cross-examination the appellant elicited from him the fact that he had not promptly reported to the officers that an assault to rape was being made at the time and place he saw the appellants and the girl under the circumstances he described, and the fact he himself had not interfered. After they had elicited this testimony, on redirect examination he was permitted to explain why he had not interfered and why he had not promptly reported to the officers that an attempt to rape was being made. Under the circumstances there was no error in the ruling of the court.

This case was called for trial and both defendants announced ready for trial; a jury was empanelled and sworn, and the indictment read to the jury. The record discloses that Buford Benton made a verbal application to the court for a severance asking that his codefendant, Sanford Hooper, be first placed on trial. The application came too late, for a serious question as to jeopardy would have been presented had the court granted the application. The application must be made before the trial is begun.

The State's evidence makes a plain case of assault with intent to rape. The defendant's evidence would show that an assault of no character was made. The girl was under fifteen years of age, and, under such circumstances, it was not incumbent on the court to submit the issue of aggravated assault.

There is no bill showing that the district attorney made use of any such remarks as complained of in the motion for a new trial. If such remarks were in fact made, no special charge was requested in regard to the matter and as no bill is in the record evidencing that such remarks were made, the question is not presented in a way we can review it.

The evidence amply supports the verdict and the judgment is affirmed.

*Affirmed.*