George Eugene ANTWINE, Appellant,

v.

The STATE of Texas, Appellee.

No. 55203.

Court of Criminal Appeals of Texas,
Panel No. 3.

Oct. 25, 1978.

Kerry P. Fitzgerald, Dallas, for appellant.

Henry Wade, Dist. Atty., Gary Love, John Ovard and James K. Johnson, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., Austin, for the State.

Before DOUGLAS, TOM G. DAVIS and VOLLERS, JJ.

## OPINION

VOLLERS, Judge.

On October 28, 1974 appellant was tried for the offense of murder. A jury determined that he was guilty and assessed his punishment at confinement for life.

By ground of error number one the appellant complains that the appellant should not have been convicted in this cause because he had previously been acquitted of the same offense. The record reflects that on September 11, 1974 this cause was tried on the same indictment before a jury. During the deliberations of the jury on September 13, 1974 a note was sent to the court stating:

Judge Metcalf, we are hopelessly deadlocked in our effort to reach a verdict. It is the desire and request of the entire jury that the evidence be reopened, because the evidence presented is insufficient and inclusive, making a true verdict impossible.

At that time the trial judge ordered the jury to continue their deliberations and instructed them that the evidence could not be reopened. After several hours of deliberation the jury reported that they were hopelessly deadlocked and the trial judge declared a mistrial. The record further shows that upon receipt of the abovementioned message from the jury appellant moved for a judgment of acquittal and objected to the instruction of the court. It is the appellant's contention in this cause that this note from the jury constituted a "special verdict" of acquittal. Appellant's interpretation of this note is that it clearly reflects that the jury unanimously believed the evidence presented by the State was insufficient and inconclusive to prove beyond a reasonable doubt that the appellant was guilty as charged and that such a belief by the jury supported only a verdict of not guilty which the jury apparently refused to write.

Since the record in the first trial is not before us, we can only assume that the trial judge gave the jury proper verdict forms to find the appellant either guilty or not guilty in that trial. Since the jury did not use one of these verdict forms to either find the appellant guilty or not guilty the question is then raised as to whether or not this constituted an informal verdict under the provision of Article 37.10, V.A.C.C.P.[1] From the guidelines set forth in that statute, it would appear that the trial judge should have entered a judgment of acquittal if this was an informal verdict and "it manifestly appear that the verdict is intended as an acquittal; . . ."

1. Article 37.10, V.A.C.C.P. provides:

    If the verdict of the jury is informal, its attention shall be called to it, and with its consent the verdict may, under the direction of the court, be reduced to the proper form. If the jury refuses to have the verdict altered, it shall again retire to its room to deliberate, unless it manifestly appear that the verdict is intended as an acquittal; and in that case, the judgment shall be rendered accordingly, discharging the defendant.

The note from the jury specifically points out that they were hopelessly deadlocked in their "efforts to reach a verdict." When read in conjunction with the first sentence, the second sentence merely points out that the evidence was insufficient and inconclusive for all of the jurors to agree upon a *verdict.* This interpretation is strengthened by the subsequent discharge of the same jury which was hopelessly deadlocked.

A stronger fact situation was presented in *Robinson v. State,* 23 Tex.App. 315, 4 S.W. 904 where the jury, in a trial for robbery, returned a verdict finding the defendant guilty of theft, but assessing a punishment of 30 years confinement in the state penitentiary. Since the maximum punishment was 10 years for such theft, the verdict was illegal and the Court of Appeals found that it did not operate as an acquittal. The Court said "an informal—and with greater reason, an illegal—verdict may be rejected by the Court, and will not operate as an acquittal, *unless plainly intended."* [Emphasis added.]

It appears that the note in question here was not plainly intended as a verdict nor, even if it had been, was it plainly intended as an acquittal. The trial judge properly overruled the appellant's plea of former jeopardy. Appellant's ground of error number one is overruled.

By ground of error number two the appellant complains that the trial court committed reversible error in allowing the witness Shirley Hudson to testify that persons in jail had threatened to hurt or kill her if she testified against appellant. It is appellant's contention that the testimony was not admissible because it did not connect the appellant with the making of such threats in any manner.

■ It must be remembered that the conduct of the accused showing a consciousness of guilt, such as the suppression of the testimony of a witness, would be admissible as a circumstance tending to prove that he committed the act with which he is charged. *Love v. State,* 35 Tex.Cr.R. 27, 29 S.W. 790; *Savage v. State,* 75 Tex.Cr.R. 213, 170 S.W. 730; *Maddox v. State,* 163 Tex.Cr.R. 5, 288

S.W.2d 780. In order for this evidence to be admissible, it would indeed be necessary to show that it emanated from the appellant. However, it appears that the testimony in question here was elicited on redirect examination by the prosecutor after the appellant, on cross examination of this witness, had established that she had, at a prior trial, refused to testify on the grounds of self incrimination. On redirect examination the prosecutor was allowed to show that the witness was in jail at the time she exercised this right and that persons in jail had threatened to hurt or kill her when she returned to jail if she testified against the appellant. From this it appears that the testimony was allowed to enable the witness to explain why she had refused to testify at a prior trial after the appellant had injected this prior act as an attempt to refute and discredit her testimony. The trial judge properly allowed this explanation. *Hooper v. State,* 72 Tex.Cr.R. 82, 160 S.W. 1187 (1913); *Comegys v. State,* 70 Tex.Cr.R. 495, 156 S.W. 642 (1913); *James v. State,* 63 Tex.Cr.R. 75, 138 S.W. 612 (1911). "The defendant or any other witness is entitled to explain any fact tending to create a distrust of his integrity or truthfulness." Branch's Ann.P.C., 2nd Edition, Volume 1, p. 133, Section 17. Appellant's ground of error number two is overruled.

■ By ground of error number three the appellant complains that reversible error was committed by the trial court in allowing the testimony of Officer Rowland to show the jury how prisoners from the Dallas County Jail could communicate with one another on different floors. First of all, this testimony was relevant to the issue of how threats were communicated to the witness Hudson. Secondly, the same testimony was received without objection by the testimony of the witness Hudson. Error is not preserved where the complained of evidence is received without objection from another source. *Watson v. State,* 532 S.W.2d 619 (Tex.Cr.App.); *Doggett v. State,* 530 S.W.2d 552 (Tex.Cr.App.); *Mutscher v. State,* 514 S.W.2d 905 (Tex.Cr. App.).

By ground of error number four the appellant complains that the prosecutor's argument constituted reversible error because it was a comment upon the defendant's failure to testify. The argument complained of was:

You see, all the evidence in this case you have heard, every single iota and bit tells you one thing, that the defendant is a murderer. . . . That is why I am interested in this defendant under the evidence as all of the defendant and all of the testimony involved in each and everything, tells you he is guilty beyond a reasonable doubt.

When this argument was made the appellant objected on the ground that the argument constituted a comment upon the defendant's failure to testify. At this point the prosecutor stated:

All the evidence about the defendant is what I mean, Your Honor.

The trial court did not commit error in overruling the appellant's objection to this argument. In order for an argument to constitute a comment upon the appellant's failure to testify, it must either be a direct comment or a necessary inference from the argument made. An examination of this argument reveals that there was a slip of the prosecutor's tongue which resulted in a jumble of words saying that "all of the defendant and all of the testimony involved in each and everything, tells you he is guilty. . . ." This certainly did not directly tell the jury that the defendant failed to testify, and it certainly was not a necessary inference, especially where it was immediately explained by the prosecutor. Appellant's ground of error number four is overruled.

By ground of error number five the appellant complains that the prosecutor committed reversible error in arguing that cross examination by appellant's counsel as to the communication system through the use of the commode in the Dallas County Jail was based upon what the appellant had advised his counsel. Appellant complains that such argument was outside the record.

The complained of argument was as follows:

When Shirley testified as to how they communicated threats to her, through the commode system, it was kind of a joke with Mr. Dade, like, 'Hey, that is kind of incredible that they can do anything like that,' didn't they? Mr. Fitzgerald said— Mr. Fitzgerald said he didn't, they didn't know much about those things, but yet did you hear Mr. Dade's cross examination as to the towels and how they did it, every bit of it? Who do you think tells him that—

MR. DADE: Your Honor, please, that is not so. That argument cannot possibly be made in good faith, and I object to it on that basis, and again I think it is outside the record.

THE COURT: Overruled.

MR. FITZGERALD: The argument goes into the attorney-client relationship, Your Honor, and what he is saying, is that my client told either myself or Mr. Dade something about the testimony that he is introducing, and that is not the case.

THE COURT: Just a minute—

MR. FITZGERALD: What we know is what we know from being on his side.

THE COURT: The court understands your objection. Your objection is overruled. Go ahead, Mr. Ovard.

The appellant's contention that the argument was outside the record is not sustained by the record. The prosecutor's argument was based upon what the jury observed and heard in the courtroom, which is clearly within the record. The prosecutor's suggestion, as an inference from what happened in the courtroom, is only a deduction from what the jury had the opportunity to see and observe. Therefore, the appellant's contention on appeal that this is outside the record is not sustained. Appellant's ground of error number five is overruled.

By ground of error number six the appellant again complains of the prosecutor's argument and alleges that he committed reversible error in his jury argument by arguing facts outside the record to bolster the State's witness. The complained of argument was that

. . . the lady Shirley Jackson went to the police, she gave them a statement at the time, and that gives the police time to check it, to corroborate it through the physical evidence, and decide whether she is telling the truth.

MR. DADE: Your Honor, please, there is absolutely no testimony that this was done in this case.

THE COURT: The jury will recall the evidence, Mr. Dade. Go ahead.

The record clearly reflects that approximately two hours after her release by appellant and three others Miss Hudson called the police and reported what had happened to the deceased and herself. She gave the police a statement concerning the offense and showed them where the body was and where certain physical objects had been thrown. The police had already found the body and were already in a position to be aware of some of the evidence that was covered by Miss Hudson's statement. Therefore, it was a legitimate deduction from the evidence that the police did have time to check the statement, corroborate it through physical evidence and decide whether she was telling the truth. It should be noted that the argument did not state as a fact that the police did decide whether or not she was telling the truth, but only that they had time to decide.

Since the argument was based upon the record, and reasonable deductions therefrom, the trial judge did not err in overruling the appellant's objection to this argument. Appellant's ground of error number six is overruled.

■ By appellant's ground of error number seven he complains that the prosecutor commented upon the defendant's failure to testify. The argument complained of is as follows:

Now, I think there is something—let's just use a little common sense. You know everybody has to be somewhere at a particular or given time. Tonight you may be at home with your family, or be with your brother or your sister, your husband or wife, whatever, you are going to be somewhere with somebody, and that

person could come down and tell the jury, whoever, where that person was, and that applies to the defendant, too.

It must be remembered that Article 38.-08, V.A.C.C.P. which prohibits a comment upon the defendant's failure to testify is not infringed by language which might be construed as an implied or indirect allusion to the failure of the accused to testify. To be in violation of that statute the implication must be a necessary one, and not one that can reasonably be applied to the failure of the accused to produce testimony other than his own. It appears that the argument in question is a comment upon the defendant's failure to produce testimony other than his own.

A similar argument was held not to be an allusion to the defendant's failure to testify in *Gallegos v. State,* 49 Tex.Cr.R. 115, 90 S.W. 492. In that case the prosecutor argued

Where was the defendant and his brother Elijio on the night that Antonio Montoya was murdered? Defendant is a married man, with a wife and children. Why does he not show where he ate his supper on that night? Why does he not show where he slept on that night? Again, I ask where was he on that night? Defendant has friends. Why does he not introduce witnesses to establish his whereabouts on that night?

See also *Boone v. State,* 90 Tex.Cr.R. 374, 235 S.W. 580; *Cope v. State,* 118 Tex.Cr.R. 232, 39 S.W.2d 891; *Alvear v. State,* 170 Tex.Cr.R. 378, 341 S.W.2d 426; *Curlin v. State,* 500 S.W.2d 141 (Tex.Cr.App.); *Nowlin v. State,* 507 S.W.2d 534 (Tex.Cr.App.); *Brown v. State,* 475 S.W.2d 761 (Tex.Cr. App.). Appellant's ground of error number seven is overruled.

There being no reversible error the judgment of the trial court is affirmed.