STATE of Texas ex rel. Joseph C. HAWTHORN, Special Prosecutor, 252nd Judicial District, Jefferson County, Texas Relator,

v.

Leonard J. GIBLIN, Jr., Judge, 252nd Judicial District Court, Jefferson County, Texas, Respondent.

No. 60487.

Court of Criminal Appeals of Texas, Panel No. 3.

June 27, 1979.

Rehearing En Banc Denied Sept. 19, 1979.

Joseph C. Hawthorn, Beaumont, for relator.

Richard D. Hughes, Nederland, Robert Huttash, State's Atty., Austin, for respondent.

Before DALLY, W. C. DAVIS and CLINTON, JJ.

OPINION

DALLY, Judge.

This is an original application for a writ of prohibition to prevent the respondent from entering a judgment of acquittal in Jefferson County Cause No. 36,326. This Court has jurisdiction to consider this application. Texas Constitution Art. V, Sec. 5.

The record contains the following agreed statement of facts:

"FORD CUMMINGS was indicted on September 21, 1978 in Jefferson County, Texas, in Cause No. 36326, for Attempted Murder of Arthur L. Holdeman, which was alleged to have occurred on March 22, 1976.

"On or about October 4, 1978 Michael Matheny and Joe Goodwin were appointed by the Trial Court as Special Prosecutors.

"The case was tried before a jury beginning October 9, 1978.

"At the end of all the testimony, the Court charged the jury on the offense of Attempted Murder as well as the lesser included offense of Aggravated Assault.

"After approximately eleven hours of deliberation, the jury had not reached a decision. At the request of Mr. Matheny, the Court wrote a note to the jury inquiring as to their progress. The jury wrote back that they had voted 12–0 on Attempted Murder but were hung 6 to 6 on Aggravated Assault. Mr. Matheny asked that the jury be asked whether the 12–0 vote was for guilty or not guilty of Attempted Murder. The jury wrote back that the vote was 12–0 for not guilty of Attempted Murder.

"The trial court then called the jury into open court and in effect, determined from the foreman that further deliberations would be futile.

"The Defendant then made a motion for a mistrial which was granted and the jury discharged.

"On or about November 27, 1978, Mr. Goodwin requested that Joseph C. Hawthorn also be appointed as Special Prosecutor which request was granted.

"On November 30, 1978, the Defendant and Mr. Matheny signed an Agreed Order agreeing that because of the written communications from the jury stating they had voted 12–0 to acquit the Defendant, jeopardy attached to the charge of Attempted Murder and therefore, the Defendant stands acquitted of that charge.

"Judge Giblin has announced that he will enter a judgment acquitting the Defendant of Attempted Murder on January 11, 1979."

Judge Giblin has informed this Court that no judgment or order will be entered in Cause No. 36,326 pending our determination of this application.

The question presented is whether a trial court may enter a judgment of acquittal in a case in which the jurors indicate that they have voted unanimously to acquit the defendant on the charged offense but are undecided as to the defendant's guilt or innocence on a lesser included offense. Since a judgment cannot be entered in the absence of a verdict, Arts. 37.12 and 42.01, V.A.C.C.P., we must decide if the written communications from the jury in this case constitute a verdict.

■ Art. 37.01, V.A.C.C.P., provides:

"A 'verdict' is a written declaration by a jury of its decision of the issue submitted to it in the case."

When a jury is instructed on one or more included offenses in addition to the charged offense, it cannot be said that the jury has

decided the issue submitted to it until it declares the accused guilty of one of the offenses or not guilty of all of them.

■ The respondent argues that the communications from the jury constituted an informal verdict of acquittal. Art. 37.10, V.A.C.C.P. However, these communications were written in answer to questions from the trial court as to the status of the jury's deliberations. This fact, and the jury's obvious deadlock on the aggravated assault charge, leads us to the conclusion that these communications were intended merely as reports on the jury's progress toward a verdict. Certainly, we cannot conclude that these communications were plainly intended to operate as an acquittal. *Antwine v. State,* 572 S.W.2d 541 (Tex.Cr. App.1978); *Robinson v. State,* 23 Tex.App. 315, 4 S.W. 904 (1887).

We hold that no verdict was rendered in Cause No. 36,326, and that as a consequence no lawful judgment may be entered therein. We are confident that the respondent will promptly act in accordance with this opinion, and the issuance of a writ will not be necessary.

It is so ordered.