James Dale PULLIN Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 01–90–01121–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Filed March 5, 1992.

John C. Paschall, Hearne, for appellant.

Bill Turner, Dist. Atty., James W. Locke, Asst. Dist. Atty., Bryan, for appellee.

Before TREVATHAN, C.J., and PRICE[1] and MIRABAL, JJ.

## OPINION

PRICE, Justice.

This appeal is from a conviction for indecency with a child. After the trial court denied his plea of former jeopardy, appellant pled guilty and accepted the State's recommended offer of five years confinement. We affirm.

In May 1990, appellant, James Dale Pullin, was indicted for aggravated sexual assault. He was tried before a jury in August of 1990. At the conclusion of the evidence the trial court charged the jury, giving them the option of convicting appellant of either aggravated sexual assault or the lesser offense of attempted aggravated sexual assault. The jury never returned a verdict on the form provided them in the

1. The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, particating by assignment.

charge. During deliberations however, the jury sent the trial court two notes. The first note was signed by the jury foreman, Dr. Larry Pointer, and read:

Your Honor,

The jury is unable to reach a unanimous decision on the charge of attempted aggravated assault.

The second note was unsigned. It read:

Your Honor:

We are unanimous in our decision to find the defendant not guilty for the charge of aggravated sexual assault.

However—we have voted four times with no decision for attempted aggravated sexual assault.

We need your instructions—Thanks.

Thereafter, the jury was brought back into the court room, where the trial court and the jury foreman engaged in the following dialogue:

The Court: Dr. Pointer, as I understand the jury is hopelessly deadlocked, unable to reach a verdict.

Foreman: That's correct.

The Court: —as to either of the alternatives.

Foreman: No, we reached a verdict in terms of not guilty, in terms of the assault.

The Court: All right, the aggravated?

Foreman: The aggravated assault.

The Court: And then on the attempt, the jury is deadlocked?

Foreman: That's correct.

The trial court then thanked and discharged the jury.

On August 23, 1990, appellant was reindicted for aggravated sexual assault (count one), attempted aggravated sexual assault (count two), and indecency with a child (count three). On October 17, 1990, appellant filed his special plea of double jeopardy. On November 16, 1990, the trial court granted appellant's jeopardy plea on count one in the indictment but denied the plea on counts two and three. The State then abandoned the second count and appellant pled guilty to indecency with a child alleged in count three.

In his sole point of error, appellant asserts that the trial court erred in overruling his plea of former jeopardy.

 Appellant bases his argument on the claim that his first trial for aggravated sexual assault ended in an acquittal. He maintains that an acquittal for one offense bars a retrial for that offense and any lesser included offense, so long as the proof to establish the elements of each offense is the same. We disagree. It is possible for an accused to be guilty only of a lesser included offense and be reprosecuted for that same offense.

 By analogy, when a jury renders a verdict of acquittal on an offense, but finds an accused guilty of a lesser included offense, the State is prohibited from reprosecuting the accused for the greater offense. If after appeal, the conviction for the lesser offense is reversed and a new trial ordered, the verdict upon the first trial shall be considered an acquittal of the higher offense. The accused, however, may, upon a second trial, be convicted of the same offense for which he was previously convicted, or any other inferior thereto. TEX.CODE CRIM.P.ANN. art. 37.14 (Vernon 1991).

In the present case, the trial court submitted the question of appellant's guilt for committing either aggravated sexual assault or attempted aggravated sexual assault. A verdict, however, is not complete until all submitted issues are resolved by the jury. It is clear, in this situation, that the jury did not decide the issue of appellant's guilt for the charge of attempted aggravated sexual assault. The jury was discharged after the foreman informed the trial court the jury was unable to resolve this question.

Whenever it is apparent that it is altogether improbable that a jury can agree on any cause submitted to them, the jury may be discharged. TEX.CODE CRIM.P.ANN. art. 36.31 (Vernon 1989). After a jury has been so discharged, the cause may be retried at the same or another term. TEX.CODE CRIM. P.ANN. art. 36.33 (Vernon 1991). Here, the trial court decided it was improbable the jury would reach a verdict on the charge of attempted aggravated sexual assault and

discharged them. However, nothing would prohibit the State from reprosecuting appellant for the attempted aggravated sexual assault or any lesser included offense.

We next consider whether indecency with a child is appropriately a lesser included offense of attempted aggravated sexual assault. A lesser included offense is defined as one established by proof of the same or less than all the facts required to establish the commission of the offense charged. TEX.CODE CRIM.P.ANN. art. 37.09 (Vernon 1991). In the present case, appellant was indicted and convicted for indecency with a child, alleging that with the intent to arouse and gratify his own sexual desires, appellant had sexual contact by touching the genitals of the victim, a child younger than 17 years old and not his spouse. The accusation of attempted aggravated sexual assault alleged the same offensive conduct as the indecency charge but with the intent to commit the crime of aggravated sexual assault.

It is well settled that indecency with a child is a lesser included offense of aggravated sexual assault notwithstanding that the indecency with a child had the element of specific intent to arouse or gratify the sexual desire of any person and the assault did not. *Cunningham v. State,* 726 S.W.2d 151, 153 (Tex.Crim.App.1987). Because the attempted aggravated sexual assault requires a finding of intent to commit the offense of aggravated sexual assault, indecency with a child also is a lesser included offense of attempted aggravated sexual assault.

We thus overrule appellant's point of error and affirm the judgment of the trial court.