**Ex parte Veronica Patricia ZAVALA.**

**No. 13–94–428–CR.**

Court of Appeals of Texas,
Corpus Christi.

May 18, 1995.

---

Edmund Cyganiewicz, Brownsville, for appellant.

Luis V. Saenz, Dist. Atty., John A. Olson, Asst. Dist. Atty., Brownsville, for appellee.

Before SEERDEN, C.J., and FEDERICO G. HINOJOSA, Jr. and CHAVEZ, JJ.

## OPINION

SEERDEN, Chief Justice.

Veronica Zavala filed an application for writ of habeas corpus seeking to prevent her retrial for capital murder. The trial court held a hearing and denied relief. Zavala filed notice of appeal. In her sole point of error, she urges that further prosecution of her for capital murder is jeopardy barred. We disagree and affirm the trial court's denial of relief.

Zavala was indicted and tried by jury for capital murder. After deliberating for two days, the jury deadlocked, and the trial court declared a mistrial. Zavala then filed her application for writ of habeas corpus. Zavala asserted in her application that although the jury did not return a formal verdict at her trial, the jury informally acquitted her by unanimously voting her "not guilty" of capital murder and was deadlocked only on the lesser included offense of murder.

At the habeas hearing, a partial statement of facts from Zavala's trial was introduced. It shows the jurors returning to the courtroom after the presiding juror sent a note

indicating that the jury could not and would not reach a unanimous decision.[1] When questioned by the court, the presiding juror said, "we can reach a decision on one of the charges." When the judge asked whether they could reach a decision "on the case itself," the presiding juror said, "No." The trial judge refused Zavala's request to ask the jury if they had reached a decision on capital murder. The trial judge also refused Zavala's request to have the jury return to the jury room to make a decision on one of the charges.[2] The State then requested a mistrial "based on the foreman's presentation," and the trial court granted the State's motion. The jury did not return any verdict form.

At the habeas corpus hearing, four of the jurors who served at Zavala's trial testified. Two jurors, including the presiding juror, testified that all twelve jurors had unconditionally voted for "not guilty" on the capital murder charge and that the jurors became deadlocked while deliberating the murder charge.

Two other jurors, Yolanda Cisneros and Catherine Helmer, contradicted this testimony. They testified that they had not agreed to return a "not guilty" verdict on capital murder. They explained that the jurors had deliberated but could not agree whether Zavala was guilty of capital murder. When the jurors were split eight to four for guilty on capital murder, the jurors agreed to vote Zavala "not guilty" of capital murder if the others would find Zavala "guilty" of murder. The jurors took a vote and all twelve conditionally voted Zavala "not guilty" of capital murder. But, when the other jurors then refused to vote Zavala "guilty" of murder, they withdrew their "not guilty" votes for capital murder. Later, when the jury notified the judge that they were deadlocked, the trial court granted a mistrial.

Juror Yolanda Cisneros testified, "I told the rest of the jurors, [the split vote on murder] would void my tentative vote of 'not guilty' of the capital murder charge." Juror Catherine Helmer testified that the vote had been eight to four for "guilty" on capital murder but that the jurors conditionally agreed to vote "not guilty" so the others would vote "guilty" on the murder charge. But, "When they backed down, we backed down." Helmer repeatedly asserted that her "not guilty" vote on capital murder was only conditional.

The presiding juror testified that he would have signed the "not guilty" of capital murder verdict form but did not do so because the trial court dismissed the jury before he realized the case was over.

■ The Double Jeopardy Clause prohibits a second trial following acquittal. *Stephens v. State*, 806 S.W.2d 812, 816 (Tex. Crim.App.1990). The Texas Code of Criminal Procedure exempts a defendant from a second trial or a second prosecution for the same offense, however irregular the proceedings may have been. TEX.CODE CRIM.PROC. ANN. art. 1.11 (Vernon 1977).

■ In *Antwine v. State*, 572 S.W.2d 541, 543 (Tex.Crim.App.1978), the Court addressed whether a jury note operated as an informal verdict. The Court held that the note could operate as a verdict of acquittal only if it was "plainly intended as a verdict" or "plainly intended as an acquittal." *Id.*

■ As Zavala's jury returned no formal verdict, she can prevail on her habeas claim only if she was informally acquitted. Applying the standard used in *Antwine*, we hold that the trial court did not err unless Zavala showed that her jury "plainly intended" to acquit her of capital murder.

---

1. The presiding juror wrote, in part: "I, G.W. Crouch, as the presiding juror believe that certain jurors have taken a stand and will not reverse their decision so as to arrive at a 12–0 decision either for or against the defendant. Arguments have arisen that have some of the jurors feeling they are being attacked personally. Thus, this has caused the taking of the posture that certain jurors will not change their decision under any circumstances."

2. TEX.CODE CRIM.PROC.ANN. art. 37.10(a) (Vernon Supp.1995) directs the trial court to order the jury to reduce an informal verdict to proper form. The Code does not define an "informal verdict." For a historical discussion of verdicts in Texas, see *Berghahn v. State*, 683 S.W.2d 697, 699–701 (Tex.Cr.App.1984) (Clinton, J., dissenting.)

The burden of proof in a habeas corpus hearing is on the petitioner. *Ex parte Plumb*, 595 S.W.2d 544, 545 (Tex.Crim. App.1980). In reviewing the decision of the trial court, we review the facts in the light most favorable to the ruling and will uphold it absent an abuse of discretion. *See Galvan v. State*, 869 S.W.2d 526, 528 (Tex.App.— Corpus Christi 1993, pet. ref'd); *Woodson v. State*, 777 S.W.2d 525, 527 (Tex.App.–Corpus Christi 1989, pet. ref'd). Although the trial judge did not make explicit findings, the record supports his implicit finding that jurors Cisneros and Helmer never intended to return a "not guilty" verdict on capital murder. The record shows their "not guilty" votes were conditionally obtained as a compromise during negotiations with other members of the jury. Their testimony at the habeas hearing shows that they never intended "not guilty" of capital murder to be their verdict. The record thus supports the trial court's decision as Zavala has not shown her jury "plainly intend" the vote to operate as an acquittal. The trial court did not abuse its discretion.

The case of *State ex rel. Hawthorn v. Giblin*, 589 S.W.2d 431 (Tex.Crim.App.1979), is also persuasive. In *Hawthorn*, one Ford Cummings was tried for attempted murder. After eleven hours of deliberation, the trial court asked the jury to report its progress. The jury wrote back that they had voted 12–0 for "not guilty" of attempted murder but were hung on the lesser included offense of aggravated assault. Ultimately, it was decided that further deliberations would be futile, and the trial court dismissed the jury. When the trial court announced that it would enter a judgment of acquittal on the attempted murder charge, the State sought a writ of prohibition. "The question is whether a trial court may enter a judgment of acquittal in a case in which the jurors indicate that they have voted unanimously to acquit the defendant on the charged offense but are undecided as to the defendant's guilt or innocence on a lesser included offense." *Hawthorn*, 589 S.W.2d at 432. The Court, quoting Tex.Code Crim.Proc.Ann. art. 37.01 (Vernon 1981),[3] held that "the jury has [not] decided the issue submitted to it until it declares the accused guilty of one of the offenses or not guilty of them all." *Hawthorn*, 589 S.W.2d at 432–33. As Ford Cummings was not entitled to an acquittal, Zavala is not.

For the above reasons, we find that the trial court did not err in denying relief on this ground.

Zavala argues alternatively that the jury was not allowed to deliberate a sufficient time before being interrupted by the trial court. Zavala did not raise this contention in her application for writ of habeas corpus and thus may not raise the matter on appeal. Tex.R.App.P. 52(a).

Even if appellant had raised this matter at the habeas hearing, the appellate record contains no evidence which would allow us to determine whether the trial court abused its discretion in discharging the jury and declaring a mistrial after two days of deliberations.[4] *See Galvan*, 869 S.W.2d at 528; *Woodson*, 777 S.W.2d at 527.

We find no error in the trial court's ruling. The order of the trial court denying relief is affirmed.

---

3. Article 37.01 provides: "A 'verdict' is a written declaration by a jury of its decision of the issue submitted to it in the case."

4. The trial court may discharge a hung jury when the parties consent to the discharge or when the jury cannot agree and has been kept together for such time as to render it altogether improbable that it can agree. *See* Tex.Code Crim. Proc.Ann. art. 36.31 (Vernon 1981). We use the abuse of discretion standard to review the trial court's determination that it is altogether improbable that the jury can agree. *Galvan*, 869 S.W.2d at 528.