Ascencion Juan Cardona v. The State of Texas















IN THE
TENTH COURT OF APPEALS
 

No. 10-96-00271-CR

     ASCENCION JUAN CARDONA,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the 220th District Court
Bosque County, Texas
Trial Court # 95-10-11879 BCCR
                                                                                                                

O P I N I O N
                                                                                                                      A jury convicted Ascencion Juan Cardona of the felony offense of manslaughter. See Tex.
Pen. Code Ann. § 19.04 (Vernon 1994). The jury assessed punishment at five years in prison
and a $1,000 fine. 
      Cardona’s three points of error allege that the trial court erred in denying his motion to
dismiss the indictment based on double jeopardy. Cardona asserts in his first point of error that 
his prosecution is barred by the Fifth Amendment of the U. S. Constitution. In his second and
third points of error, Cardona urges that his prosecution is barred under Article 1, § 14 of the
Texas Constitution and Article 1.11 of the Texas Code of Criminal Procedure.
FACTUAL BACKGROUND
      Cardona was tried for the offense of murder in June of 1996. The jury charge instructed the
jury to consider the murder charge and the lesser included offense of manslaughter. During
deliberations, the jury sent the judge a note. The judge read the note into the record as follows: 
We have discussed at length, no apparent common verdict can be reached. We seek your
advice. We are struggling between manslaughter and not guilty. The vote is seven to
five. It’s signed by Carl Davis [foreman].

In response to the note, the judge gave the jury an Allen charge. See Allen v. United States, 164
U.S. 492, 17 S.Ct. 154, L.Ed. 528 (1896). A few hours later, the jury sent another note saying
that they were deadlocked. The judge then sent a note asking if they were hopelessly deadlocked
to which the jury responded “yes.” The judge then declared a mistrial and sent the jury home. 
      In September of 1996, Cardona was retried under the original murder indictment. Cardona
filed a motion to dismiss the indictment based on double jeopardy. The court denied the motion
and the case was tried for the second time. The second jury was also charged on the offense of
murder and the lesser included offense of manslaughter. The jury convicted Cardona of
manslaughter.
DOUBLE JEOPARDY
      In his first two points of error, Cardona argues that the double jeopardy provisions of the
Fifth Amendment of the U.S. Constitution and Article 1, § 14 of the Texas Constitution bar his
prosecution on the murder charge. “Conceptually, the State and Federal double jeopardy
provisions are identical.” Stephens v. State, 806 S.W.2d 812, 815 (Tex. Crim. App. 1990) (en
banc). The concept of double jeopardy is embodied in the following statute:
No person for the same offense shall be twice put in jeopardy of life or liberty; nor shall
a person be again put upon trial for the same offense, after a verdict of not guilty in a
court of competent jurisdiction.

Tex. Code Crim. Proc. Ann. art. 1.10 (Vernon 1977). Cardona’s third point of error alleges
that his motion to dismiss was denied wrongly under the following statute:
An acquittal of the defendant exempts him from a second trial or a second prosecution
for the same offense, however irregular the proceedings may have been. . .

Id. art. 1.11. As the double jeopardy analysis is the same under his three points of error, we will
discuss Cardona’s points simultaneously. 
      Double jeopardy bars a later prosecution on a charged offense when a jury has found a
defendant guilty of a lesser included offense. See Green v. United States, 355 U.S. 184, 185-86,
78 S.Ct. 221, 222-23, 2 L.Ed.2d 199 (1957); See Stine v. State, 935 S.W.2d 443, 445 (Tex.
App.—Waco 1996, pet. ref’d). The guilty verdict on a lesser included offense operates as an
acquittal of a higher offense. See Tex. Code Crim. Proc. Ann. art. 37.14 (Vernon 1981). 
However, the first jury did not find Cardona guilty of the lesser included offense of manslaughter
because they did not render a verdict. 
      “A ‘verdict’ is a written declaration by a jury of its decision of the issue submitted to it in the
case.” Id. art. 37.01. A jury, instructed on a charged offense and a lesser included offense, has
not decided the issue submitted until it declares the accused guilty of one offense or not guilty of
all offenses. See State ex rel. Hawthorn v. Giblin, 589 S.W.2d 431, 432-433 (Tex. Crim. App.
[Panel Op.] 1979). 
      This jury was discharged and a mistrial granted before a verdict was entered. See Tex. Code
Crim. Proc. Ann. art. 36.31 (Vernon 1981). When a jury has been discharged without rendering
a verdict, the cause may be tried again. Id. art. 36.33. 
      Cardona also argues that the court rendered an informal verdict of acquittal of murder,
through the jury note, when the jury said it was considering only manslaughter and not guilty. 
Article 37.10(a) states: 
If the verdict of the jury is informal, its attention shall be called to it, and with its consent
the verdict may, under the direction of the court, be reduced to the proper form. If the
jury refuses to have the verdict altered, it shall again retire to its room to deliberate,
unless it manifestly appear that the verdict is intended as an acquittal; and in that case,
the judgment shall be rendered accordingly, discharging the defendant.

(emphasis added) Id. art. 37.10(a) (Vernon Supp. 1998). Cardona contends that the jury note
shows that the jury intended to acquit Cardona of murder. 
      In Antwine v. State, the Court of Criminal Appeals discussed the issue of jury notes. 572
S.W.2d 541 (Tex. Crim. App.[Panel Op.] 1978). A jury note must be “plainly intended as an
acquittal” before it can be considered an informal verdict. Id. at 543. Therefore, we must
determine whether the jury note in this case was “plainly intended as an acquittal” of the offense
of murder. 
      The Hawthorn case decided by the Court of Criminal Appeals has similar facts. In
Hawthorn, the jury was charged on the offense of attempted murder as well as the lesser included
offense of aggravated assault. Hawthorn, 589 S.W.2d at 432. The court sent a note to the jury
to inquire about their progress. The jury wrote back saying that they had voted 12-0 on attempted
murder but were deadlocked 6-6 on aggravated assault. Id. The prosecutor requested the jury be
asked whether the 12-0 vote was guilty or not guilty on the attempted murder charge. The jury
sent a note back saying the vote was 12-0 not guilty. Id. The court then declared a mistrial.
      As in the present case, the respondent argued that the communications from the jury
constituted an informal verdict of acquittal of the greater offense. Tex. Code Crim. Proc. Ann.
art. 37.10(a) (Vernon Supp. 1998). The court responded:
. . . The jury’s obvious deadlock on the aggravated assault charge leads us to the
conclusion that these communications were intended merely as reports on the jury’s
progress toward a verdict. Certainly, we cannot conclude that these communications
were plainly intended to operate as an acquittal.

Hawthorn, 589 S.W.2d at 433. The court found that no verdict was rendered and no lawful
judgment of acquittal could be entered.
      In the present case, the jury note does not state that the jury voted 12-0 on murder as in
Hawthorn. This jury note is arguably less “plainly intended as an acquittal.” Following
Hawthorn, we find that the jury note was not “plainly intended to operate as an acquittal” as it was
only a communication about the jury’s progress. See id. 
      Cardona argues that his case is distinguishable from Hawthorn. He says that in Hawthorn the
judge sent a note to the jury inquiring about their progress whereas in the present case the jury
sent a note to the court. We do not find this argument persuasive because as in Hawthorn the note 
was a communication intended as a report on the jury’s progress. See id. The note began by
communicating to the court that the jury could not reach a verdict. Clearly, the note was sent to
communicate that the jury was deadlocked. We see no reason to treat the note differently because
the jury initiated the communication.
      Finally, Cardona argues that the jury charge in this case is unique. The jury charge instructed
the jury to consider murder and then as follows:
Unless you so find from the evidence beyond a reasonable doubt, or if you have 
reasonable doubt thereof, you will acquit the defendant of murder and consider whether
he is guilty of manslaughter.

Cardona asserts that due to the nature of the charge the jury had to have acquitted Cardona of
murder before they began considering manslaughter. Therefore, when the jury sent a note stating
they were struggling between manslaughter and not guilty, they had already acquitted Cardona of
murder.
      While this may be a correct assumption, we find that the wording of the jury charge does not
distinguish the present case from the decision in the Hawthorn case. In Hawthorn, the form of
the jury charge is not discussed. However, the instruction submitted is not unique. The courts
have long used such an instruction when submitting lesser offenses for the jury’s consideration. 
See Garcia v. State, 537 S.W.2d 930, 935-36 (Tex. Crim. App. 1976); See Paul J. McClung,
Texas Criminal Jury Charges 98-100 (1997). 
      In conclusion, we find that the jury note was not “plainly intended to operate as an acquittal.” 
See Hawthorn, 589 S.W.2d at 433. Finding that neither a formal nor informal verdict was
rendered, we conclude that double jeopardy did not bar Cardona’s subsequent prosecution for
murder. Therefore, the court did not err in denying Cardona’s motion to dismiss the indictment. 
      We overrule Cardona’s points of error and affirm the judgment.   
 
 REX D. DAVIS
 Chief Justice

Before Chief Justice Davis
 Justice Cummings and
 Justice Vance
Affirmed
Opinion delivered and filed December 17, 1997
Publish