**The STATE of Texas, Appellant,**

v.

**Jonathon MESHELL, Appellee.**

**No. 01–98–00571–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 7, 1999.

David Bosserman, Jerome Aldrich, Angleton, for Appellant.

Shawn R. Roberts, Angleton, for Appellee.

Panel consists of Justices O'CONNOR, WILSON, and ANDELL.

**OPINION**

MICHOL O'CONNOR, Justice.

The State of Texas appeals from an order dismissing the indictment of Jonathon Meshell, the appellee, with prejudice. The dismissal arose from the appellee's petition for writ of habeas corpus based on a violation of Article 32.01 of the Texas Code of Criminal Procedure. We reverse.

**Background**

On April 18, 1996, the appellee was arrested for criminal mischief. On September 5, 1996, the appellee was charged with "Engaging in Organized Criminal Activity (Criminal Mischief); Enhanced." The State later admitted this charging instrument was defective because criminal mischief is not an offense that can be enhanced under Texas Penal Code section 71.02(a)(1) to an "engaging in organized criminal activity" offense. On May 8, 1997, the appellee was reindicted, this time for "Criminal Mischief, Enhanced."

On February 26, 1998, the appellee filed a writ of habeas corpus on the reindictment, alleging the reindictment violated Article 32.01 of the Texas Code of Criminal Procedure. The writ alleged the appellee had not been indicted within two grand jury sessions of the day he was arrested. The trial judge granted relief on the writ and dismissed the reindictment for felony criminal mischief.

The State then moved to amend the original charging instrument to delete the element of "engaging in organized criminal activity." The trial court denied the State's motion to amend. The State requested and received a dismissal under the original indictment. The State appeals the grant of relief on the writ.

**Standard of Review**

■ The trial court's ruling in a habeas corpus proceeding should not be overturned unless the court clearly abused its discretion. *Ex parte Ayers*, 921 S.W.2d 438, 440 (Tex.App.—Houston [1st Dist.] 1996, no pet.). Whether the court abused its discretion depends upon whether the court acted without reference to any guiding rules or principles. *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex.Crim.App. 1990). In determining this, we view the evidence in the light most favorable to the

trial court's ruling. *Ex parte Zavala*, 900 S.W.2d 867, 870 (Tex.App.—Corpus Christi 1995, no pet.).

### Timeliness of Filing the Petition for Writ of Habeas Corpus

■ In point of error two, the State asserts the trial court erred in dismissing the reindictment because the appellee did not file his writ until after the reindictment was returned. The State contends the appellee was required to file his writ before the reindictment was filed and, because he did not do so, he has waived any error. We agree.

At the time of the appellee's arrest, the following version of Article 32.01 of the Texas Code of Criminal Procedure was in effect: [1]

> When a defendant has been detained in custody or held to bail for his appearance to answer any criminal accusation before the district court, the prosecution, unless otherwise ordered by the court, for good cause shown, supported by affidavit, shall be dismissed and the bail discharged, if indictment or information be not presented against such defendant at the next term of the court which is held after his confinement or admission to bail.

Act of May 27, 1965, 59th Leg., R.S., ch. 722 § 1, 1965 Tex. Gen. Laws 317, 441, (amended 1997) (current version at Tex. Code Crim. Proc. art. 32.01).

■ The purpose of Article 32.01 is to encourage the State to seek and obtain an indictment or release the defendant without undue delay. *Cameron v. State*, 988 S.W.2d 835, 843 (Tex.App.—San Antonio 1999, pet. ref'd); *see also State v. Condran*, 951 S.W.2d 178, 189–90 (Tex.App.—Dallas 1997, pet. dism'd) (with Article 32.01, Legislature created right in accused

to be free from incidental punitive effect of incarceration or being held to bail if State is unable to obtain indictment within specified period of time).

In *Brooks v. State*, 990 S.W.2d 278, 285 (Tex.Crim.App.1999), the Court of Criminal Appeals reaffirmed its holding in *Tatum v. State*, 505 S.W.2d 548, 550 (Tex. Crim.App.1974), that Article 32.01 has no application once an indictment is returned. The appellee did not file his writ of habeas corpus until after the reindictment was returned; therefore, he waived his right to challenge the reindictment under Article 32.01.

We sustain point of error two. Because of our disposition of point of error two, we need not address points of error one and three.

We reverse the trial court's order and remand for further proceedings.

---

1. Article 32.01 was amended effective May 26, 1997. The amended statute provides, in pertinent part, that the change in the law effected by the amendment "applies only to the prosecution of a defendant arrested for an offense on or after the effective date of this Act. The prosecution of a defendant arrested before the effective date of this Act is covered by the law in effect when the arrest occurred, and the former law is continued for that purpose." Tex.Code Crim. Proc. art. 32.01 historical note (Vernon Supp.1999) [Acts 1997, 75th Leg., ch. 289 § 4]. Because the appellee was arrested on April 18, 1996, our inquiry is governed by the former statute.