**Ex parte Octabiano CANTU, Jr.**

**No. 13–03–003–CR.**

Court of Appeals of Texas,
Corpus Christi–Edinburg.

Nov. 6, 2003.

Celso Rodriguez, Corpus Christi, for appellant.

Carlos Valdez, Nueces County Dist. Atty., Joe C. Lockhart, Asst. Dist. Atty., Corpus Christi, for appellee.

Before Justices HINOJOSA, YAÑEZ, and GARZA.

## OPINION

Opinion by Justice GARZA.

Appellant, Octabiano Cantu, Jr., challenges the trial court's denial of relief on his petition for a writ of habeas corpus. Appellant currently stands indicted for aggravated sexual assault on a child,[1] but he claims that in an earlier trial, he was acquitted of the offense giving rise to the indictment. In a pre-trial habeas corpus petition, appellant asked the trial court to bar the State from prosecuting him for aggravated sexual assault on the grounds that it would constitute double jeopardy.[2] The court held a habeas hearing but ultimately denied relief. Appellant now challenges that denial of relief. After reviewing the record, we conclude that relief is improper because appellant does not face double jeopardy. We affirm the trial court's decision.

In evaluating a challenge to a trial court's decision on a habeas corpus petition, we view the facts in the light most favorable to the court's ruling, and absent an abuse of discretion, we will uphold the challenged ruling. *Ex parte Kubas*, 83 S.W.3d 366, 368 (Tex.App.-Corpus Christi 2002, pet. ref'd). We give the trial court almost total deference with regard to findings of historical fact supported by the record, but we give de novo review to the trial court's determination of the law as well as its application of the law to the facts. *Id.* at 368–69.

In October 2002, a jury tried appellant on charges of aggravated sexual assault on a child (the "greater offense") and the lesser-included offense of indecency with a child (the "lesser included offense").[3] The jury deadlocked, and the trial court granted appellant's motion for a mistrial. In his habeas petition, appellant argued that the jury implicitly acquitted him of the greater offense because its notes to the trial judge indicated that it was deadlocked on the lesser-included offense. The trial court disagreed with appellant's "implied verdict" theory. So do we.

Appellant's argument is based on the instructions given to the jury and three notes the jury passed to the judge during its deliberations. In relevant part, the jury instructions explained, "Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the Defendant of the [greater] offense ... and next consider whether he is guilty of the lesser included offense." Appellant argues that this language prohibited the jury from considering the lesser included offense unless it first acquitted him of the greater offense.

During its deliberations, the jury sent a note that read, "Your honor, we are at a split vote 10–2(G/N) on [the] lesser charge. What do we do now?" The court instructed the jury to keep deliberating, but then

---

1. TEX PENAL CODE ANN. § 22.021 (Vernon 2003).

2. As the Texas Court of Criminal Appeals has explained:

 The doctrine of double jeopardy is derived from the Fifth Amendment to the Constitution of the United States and is applied to the states through the Fourteenth Amendment. *Crist v. Bretz*, 437 U.S. 28, 98 S.Ct. 2156, 57 L.Ed.2d 24 (1978); and *Downum v. U.S.*, 372 U.S. 734, 83 S.Ct. 1033, 10 L.Ed.2d 100 (1963). In a jury trial, jeopardy attaches when the jury is impaneled and sworn. *Crist*, 437 U.S. at 38, 98 S.Ct. at 2162. After jeopardy attaches, any charge which is dismissed, waived, abandoned or on which the jury returns an acquittal, may not be retried. *Ex Parte Scelles*, 511 S.W.2d 300, 301 (Tex.Cr.App.1974).

 *Ex parte Preston*, 833 S.W.2d 515, 517 (Tex. Crim.App.1992) (internal footnotes omitted).

3. TEX. PENAL CODE ANN. § 21.11 (Vernon 2003).

a second jury note later declared, "Your honor, we are sorry-but we are hopelessly deadlocked ... [at] 10–2 (G–NG) on [the] lesser charge." This second note prompted appellant to move for a mistrial. After declining to grant the motion, the court admonished the jury as follows:

If this jury finds itself unable to reach a unanimous verdict, it will be necessary for the court to declare a mistrial and dismiss the jury. The indictment will still be pending, and it is reasonable to assume that the case will be tried again before another jury at some future time. You are requested to continue your deliberations in an effort to arrive at a verdict that is acceptable to all members of the jury if you can do so without doing violence to your own conscience.

After further deliberations, the jury sent a third note to the judge, which stated, "We are still deadlocked—do you wish us to continue tonight? Or do you want us to continue tomorrow? The panel is firm in their [sic] deliberations. We are still ... [at] 10–2 (G–NG)." After reading the note and bringing the jury back into the courtroom, the judge instructed, "If you feel that further deliberations will result in a verdict, whether tonight or tomorrow, then please hold up your hand." No hands went up, and the court subsequently granted appellant's second motion for a mistrial.

At the habeas hearing, appellant argued that the jury notes constitute an implied acquittal on the greater offense, but the court ruled as follows:

There's a presumption that the juries follow the instructions given to them in the Charge of the Court, and with that presumption in mind, the jury took the higher offense first, considered it, and moved on to the lesser charge; however, the jury made no specific finding in this case. There was no verdict returned.

We agree with the trial court's conclusion that the jury never reached a verdict.

 Our Court has decided appeals similar to the one now before us. *See, e.g., Zavala v. State,* 956 S.W.2d 715, 718–19 (Tex.App.-Corpus Christi 1997, no pet.) (holding that appellant faced no double jeopardy where a mistrial was granted because the jury could not reach a unanimous verdict on both charges). In those cases, we, like our sister courts, have concluded that even where a jury indicates that it has reached a verdict of not guilty on the greater offense, as a matter of law, a verdict is not reached until the jury has answered all the charges against a defendant. *See, e.g., id.* (following *State ex rel. Hawthorn v. Giblin,* 589 S.W.2d 431, 432–33 (Tex.Crim.App.1979)); *see generally Pullin v. State,* 827 S.W.2d 1, 2–3 (Tex. App.-Houston [1st Dist.] 1992, pet. ref'd) ("A verdict, however, is not complete until all submitted issues are resolved by the jury."). Consequently, we hold that because the jury did not return an answer to both charges presented to it, there was no verdict in this case. The trial judge did not err in concluding that the jury had not returned a verdict.

 The law regarding double jeopardy in such cases is well-settled. A trial court's declaration of a mistrial following a hung jury is not an event that terminates the original jeopardy to which a defendant is subjected. *Richardson v. United States,* 468 U.S. 317, 326, 104 S.Ct. 3081, 82 L.Ed.2d 242 (1984); *see also Ex parte McAfee,* 761 S.W.2d 771, 772 (Tex.Crim. App.1988); *Woodson v. State,* 777 S.W.2d 525, 526 (Tex.App.-Corpus Christi 1989, pet. ref'd). Appellant faces only one jeopardy. His appeal is overruled.

We affirm the trial court's denial of relief.

Concurring Opinion by Justice LINDA REYNA YAÑEZ.

YAÑEZ, Justice, concurring.

I must concur in the result reached by the majority because appellant's counsel consented to retrial.

"In a jury trial, jeopardy attaches when the jury is impaneled and sworn." *Ex Parte Preston*, 833 S.W.2d 515, 517 (Tex. Crim.App.1992). Once jeopardy attaches, "the defendant possesses a valued right to have his guilt or innocence determined before the first trier of fact." *Torres v. State*, 614 S.W.2d 436, 441 (Tex.Crim.App. 1981). An exception to this rule is made if the defendant consents to retrial. *Id.* Here, the court informed the jury, in the presence of counsel, that the result of their deadlock and a mistrial would be a new trial before another jury. Nevertheless, appellant's counsel moved for mistrial (a second time) after the jury's third note and the trial court granted the motion. Therefore, appellant consented to retrial.

However, I am concerned by any system of laws that allows an accused to be subject to re-prosecution for the greater offense when a jury has (1) decided not guilty on the greater offense, (2) become hung on a lesser offense, (3) avoided announcing a complete verdict, (4) and been discharged on a motion for mistrial. If appellant had not consented to retrial by moving for mistrial once jury deliberations on the lesser became futile, his implied verdict theory would deserve more attention. That analysis would closely track the following examination.

Here, the jury charge provides, in relevant part:

Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, *you will acquit* the Defendant of the offense of Aggravated Sexual Assault of a Child as charged in the indictment *and next consider* whether he is guilty of the lesser included offense of Indecency with a Child.

(emphasis added). The jury's notes to the trial judge indicate they were deadlocked at ten guilty against two not guilty on the lesser included offense. "We generally presume, although the presumption is rebuttable, that a jury follows the instructions given by the trial judge, in the manner presented." *Rose v. State*, 752 S.W.2d 529, 554 (Tex.Crim.App.1988) (on rehearing). Based on such a presumption, the jury must have acquitted on the greater offense, because it had progressed to consideration of the lesser offense. Thus, presuming appellant's acquittal on the greater offense, jeopardy would seem to bar any retrial on that offense.[1]

However, that is not the case. The court of criminal appeals has held, "[w]hen a jury is instructed on ... included offenses in addition to the charged offense, it cannot be said that the jury has decided the issue submitted to it until it declares the accused guilty of one of the offenses or not guilty of all of them." *State ex rel. Hawthorn v. Giblin*, 589 S.W.2d 431, 432–33 (Tex.Crim.App.1979). In other words, an incomplete verdict is not a verdict at all. Furthermore, *Giblin* informs us that "a judgment cannot be entered in the absence of a verdict." *Id.* at 432.

*Giblin* relies on the above propositions to conclude that a trial court may not "enter a judgment of acquittal in a case in which the jurors indicate they have voted unanimously to acquit the defendant on the charged offense but are undecided on a lesser included offense," without a verdict[2]

---

1. After jeopardy attaches, any charge on which the jury returns an acquittal may not be retried. *Ex Parte Preston*, 833 S.W.2d 515, 517 (Tex.Crim.App.1992).

2. A verdict is a written declaration by a jury of its decision of the issue submitted to it in the case. TEX. CODE CRIM. PROC ANN. § 37.01 (Vernon 1981).

or an informal verdict.[3] *Id.* at 432–33. Yet, it is important to note that these propositions do not address pleas of jeopardy. There was no opportunity for a jeopardy plea in *Giblin*, as a second trial had yet to take place. So, on the facts before it, the *Giblin* court did not address the viability of a plea of jeopardy at a second trial.[4]

As for what should happen at a second trial, when a defendant did not move for mistrial based on the jury's deadlock on a lesser included offense at the first, *Pullin* is instructive in a more practical and fair sense. *See Pullin v. State*, 827 S.W.2d 1 (Tex.App.-Houston [1st Dist.] 1992, no pet.).

In *Pullin*, the jury sent two notes to the trial judge. *Id.* at 2. The first, similar to the notes here, stated that the jury could not reach a decision on the lesser included offense. *Id.* The second note reiterated the jury's indecision on the lesser but also stated its unanimous decision of "not guilty" on the greater offense. *Id.* After receiving the second note, the judge called the jury into the courtroom. *Id.* The following dialogue transpired between the judge and the jury foreman:

> Court: [Mr. Foreman], as I understand the jury is hopelessly deadlocked, unable to reach a verdict.
>
> Foreman: That's correct.
>
> Court: —as to either of the alternatives.

Foreman: No, we reached a verdict in terms of not guilty, in terms of the assault.

Court: All right, the aggravated?

Foreman: The aggravated assault (greater offense).

Court: And then, on the attempt (lesser included offense), the jury is deadlocked?

Foreman: That's correct.

*Id.* The judge then discharged the jury, without the jury returning a verdict on the form given to it with the charge. *Id.* at 2–3. After being re-indicted on all counts, appellant filed a special plea of double jeopardy. *Id.* at 3. The same judge from the earlier trial granted the jeopardy plea as to the aggravated assault. *Id.*

On appeal, this practice was implicitly upheld. *Id.* It appears that the trial court and the appellate court determined that jeopardy had attached once the jury "spoke clearly that appellant was *not guilty*" of the greater offense, even though no written verdict was returned. *See Monroe v. State*, 871 S.W.2d 801, 804 (Tex.App.-Houston [14th Dist.] 1994, no pet.) (emphasis in original).

It should be noted that the trial court in *Pullin* was simply and correctly following the instructions of the code of criminal procedure, which directs judges to order the jury to reduce informal verdicts to proper form. *See* TEX. CODE CRIM. PROC. ANN. § 37.10 (Vernon Supp.2003). The

**3.** "If the verdict of the jury is informal, its attention shall be called to it, and with its consent the verdict may, under the direction of the court, be reduced to the proper form...." TEX. CODE CRIM. PROC. ANN. § 37.10(a) (Vernon Supp.2003). While the code of criminal procedure does not define an informal verdict, precedent has established that communications from the jury will not be considered an informal verdict unless "plainly intended" as such. *State ex rel. Hawthorn v. Giblin*, 589 S.W.2d 431, 432–33 (Tex.Crim. App.1979) (citing *Antwine v. State*, 572

S.W.2d 541, 542–43 (Tex.Crim.App.1978) (panel op.); *Robinson v. State*, 23 Tex.App. 315, 4 S.W. 904 (1887)).

**4.** I can speculate that the *Giblin* defendant would not have succeeded on a plea of jeopardy at a second trial because he moved for mistrial once it was determined that further deliberations by the jury were futile, *see Giblin*, 589 S.W.2d at 432, therefore consenting to retrial.

code does not define "informal verdict," but precedent regarding jury notes provides that such notes must be "plainly intended" as an acquittal before they can be considered an informal verdict. *Antwine v. State*, 572 S.W.2d 541, 543 (Tex. Crim.App.1978) (panel op.). A complete, written verdict in "proper form" was not possible in *Pullin*, due to the jury's deadlock on the lesser included offense. *Pullin*, 827 S.W.2d at 2. Nevertheless, when presented with an arguably informal verdict, the judge in that case prodded the jury with a few questions into the most practical and fair result. *Pullin*, 827 S.W.2d at 2–3. In sum, the judge called attention to the informal verdict,[5] gave the jury the opportunity to speak clearly[6] as to its decision, and allowed jeopardy to attach. *Id.*

Ignoring appellant's consent to retrial, I cannot say that the habeas court here would have abused its discretion because the jury did not speak clearly or send notes plainly intended as an acquittal. Here, the jury was not given the chance to speak clearly and, thus, the appellant is not able to make a successful jeopardy plea. In the future, when an arguably informal verdict is submitted by the jury, the trial court is directed to call attention to it and order the jury to reduce it to proper form or at least speak clearly.

**5.** Tex. Code Crim. Proc. Ann. § 37.10(a) (Vernon Supp.2003).

**6.** *See Monroe v. State*, 871 S.W.2d 801, 804 (Tex.App.-Houston [14th Dist.] 1994, no pet.).