**Denied and Opinion Filed December 4, 2024**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-24-01389-CR

## IN RE GERALD Q. TROUP, Relator

**Original Proceeding from the 203rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F18-18652**

## MEMORANDUM OPINION
Before Justices Pedersen, III, Smith, and Garcia
Opinion by Justice Garcia

Before the Court is relator Gerald Q. Troup's November 26, 2024 petition for writ of mandamus.

In his petition, relator requests that we compel the trial court to order the district clerk to provide relator with documents relator requested under the Texas Public Information Act.[1]  Relator's petition does not meet the requirements of Rule 52 of the Texas Rules of Appellate Procedure.

A relator bears the burden of providing the Court with a record that is sufficient to show he is entitled to mandamus relief.  *Walker v. Packer*, 827 S.W.2d

---

[1] TEX. GOV'T CODE ANN. §§ 552.001–.376.

833, 837 (Tex. 1992) (orig. proceeding); *In re Skinner*, No. 05-23-00930-CV, 2023 WL 6618295, at *1 (Tex. App.—Dallas Oct. 11, 2023, orig. proceeding) (mem. op.). To meet that burden, the relator's petition must contain, among other things, a certification stating that the person filing the petition "has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record." TEX. R. APP. P. 52.3(j). The petition does not include the required certification. This defect alone provides grounds for denying relator's mandamus petition. *See In re Integrity Mktg. Grp., LLC*, No. 05-24-00922-CV, 2024 WL 3770377, at *1 (Tex. App.—Dallas Aug. 13, 2024, orig. proceeding) (mem. op.) (denying mandamus relief based solely on lack of rule 52.3(j) certification).

Rule 52 also requires the relator to file with his petition an appendix that contains "a certified or sworn copy of any order complained of, or any other document showing the matter complained of." TEX. R. APP. P. 52.3(k)(1)(A). The relator is further required to file with his petition a record containing (1) "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding" and (2) "a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered into evidence, or a statement that no testimony was adduced in connection with the matter complained." TEX. R. APP. P. 52.7(a). The petition includes two documents, Exhibits A and B. Exhibit A purports to be a copy of a

letter from relator to the district clerk dated June 20, 2024, requesting the district clerk to "tell me the status of this motion," i.e., the request for "legal documents through the Open Records Act"; and Exhibit B purports to be the "Motion for Writ of Mandamus" he says he filed in the trial court. Neither document is sworn to or certified. Relator has not provided a statement that no evidence was adduced in this matter. Without an appendix and record that comply with Rule 52, relator cannot establish that he filed a request for documents with the district clerk under the Public Information Act, that the district clerk did not comply with the request, that he filed a petition for writ of mandamus with the district court, or that the district court failed to rule on the petition within a reasonable time.

Because relator failed to provide this Court with a certified petition and authenticated record, relator has failed to carry his burden to provide a sufficient record establishing a right to mandamus relief. *Skinner*, 2023 WL 6618295, at *1; *see also In re State ex rel. Best*, 616 S.W.3d 594, 599 (Tex. Crim. App. 2021) ("To obtain extraordinary relief, Relator must show that 1) he has no adequate remedy at law, and 2) what he seeks to compel or prohibit is ministerial, involving no discretion.").

Further, relator's petition does not include a "clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record." TEX. R. APP. P. 52.3(h). The petition is also missing the following: a list identifying the parties and counsel, a table of contents, an index of authorities, a

statement of the case in compliance with Rule 52.3(d), a statement of jurisdiction, a statement of the issues presented, and a statement of facts supported by citations to competent evidence included in an appendix or record. TEX. R. APP. P. 52.3(a), (b), (c), (d)(1)–(3), (e), (f), (g).

Accordingly, we deny relator's petition for writ of mandamus.

241389f.p05

Do Not Publish
TEX. R. APP. P. 47.2(b)

/Dennise Garcia//
DENNISE GARCIA
JUSTICE