**James W. GRICE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–81–00657–CR.**

Court of Appeals of Texas,
Dallas.

June 21, 1982.

Gay G. Cox, Dallas, for appellant.

Henry M. Wade, Dist. Atty., Henry Whitley, Asst. Dist. Atty., Dallas, for appellee.

Before AKIN, ALLEN and GUILLOT, JJ.

GUILLOT, Justice.

Appellant was convicted of theft of $10,000 or more and sentenced to forty-five years in prison. He asserts thirty-one grounds of error. For the reasons following, we affirm the conviction.

■ In his first three grounds, appellant contends the trial court erred in overruling his motion to quash the indictment for failure to define "without effective consent," "owner" and "deprive." In *Thomas v. State*, 621 S.W.2d 158 (Tex.Cr.App.1981) (On State's Motion for Rehearing), the Court of Criminal Appeals ruled that the terms "without effective consent" and "owner" in a theft indictment are not subject to motion to quash. Whether the trial court should have granted the motion to quash for failure to elaborate on "deprive" is controlled by the test put forth in *Ferguson v. State*, 622 S.W.2d 846 (Tex.Cr.App. 1981) (On State's Motion for Rehearing) (*en banc*). In *Ferguson*, the Court of Criminal Appeals, quoting *Thomas*, held that a term subject to a motion to quash must go to an act or omission of the appellant. In the instant case the indictment charges that appellant did "... knowingly and intentionally exercise control over personal property ... without the effective consent of ... the owner thereof and with the intent to deprive the said owner ... of said property." Read in context, appellant is requesting that "intent to deprive" requires further clarification. We disagree, however, because "intent to deprive" is not an act or omission under *Ferguson*, but is rather a particular mental state of the accused which must be shown to have been present at the time of the exercising control over the personal property. Thus the motion to quash was correctly overruled by the trial court. Grounds one through three are overruled.

■ In grounds four and five, appellant contends the trial court committed reversible error in denying appellant's motion to consolidate this cause with two other theft indictments with two different complainants. Appellant urges that the offenses were all part of the same "criminal episode" as defined in Tex.Penal Code Ann. § 3.01 (Vernon 1974) and that § 3.02 affords him an absolute right to consolidation. Without deciding whether or not the offenses constitute the same "criminal episode," we do not find any right to consolidation. Section 3.02 states that "a defendant *may* be prosecuted in a single criminal action for all offenses arising out of the same criminal episode." Unlike the express language in § 3.04 which states a "defendant *shall have a right* to severance," § 3.02 is merely permissive as to consolidation. We see no abuse of discretion by the trial court in failing to grant appellant's motion to consolidate. The offenses were each extremely

complex transactions and involved different complaining witnesses. Therefore grounds four and five are overruled.

■ In ground of error number six, appellant complains that the trial court improperly charged the jury by authorizing a finding of guilty if they found appellant did "unlawfully, knowingly, or intentionally" exercise control over the property when the indictment reads "unlawfully, knowingly and intentionally." Appellant contends the charge allows a finding of guilt based on the mental state "unlawfully" which, appellant urges, is not a culpable mental state under Tex.Penal Code Ann. § 6.02 (Vernon 1974). We disagree with appellant that "unlawful" is a mental state. "Unlawful" is merely a conclusion encompassing the criminal conduct charged. *See Reynolds v. State*, 547 S.W.2d 590 (Tex.Cr.App.1977) (On State's Motion for Rehearing). As used in both the indictment and the charge "unlawful" is mere surplusage and adds nothing to either. Therefore it did not permit the jury to find appellant guilty based on an unauthorized mental state. Ground six is overruled.

■ In ground of error seven, appellant contends the trial court committed fundamental error in its instructions to the jury on the use of the enhancement paragraph for sentencing. Appellant, however, made no objection in the trial court and has therefore presented nothing for review. *Garcia v. State*, 581 S.W.2d 168 (Tex.Cr. App.1979).

■ In grounds eight and nine, appellant contends the trial court erred in failing to quash the indictment because it alleges multiple offenses in the same count. Under Tex.Penal Code Ann. 31.09 (Vernon 1974), appellant was charged with only one offense and thus there were no multiple offenses alleged. *See Wages v. State*, 573 S.W.2d 804 (Tex.Cr.App.1978).

In grounds ten through nineteen, appellant contends the evidence was insufficient to support the conviction. Seven counts of theft were aggregated under section 31.09 of the Penal Code for a total of $22,306.64. Because we find the evidence was sufficient to support a conviction under the first two counts, which total over $10,000.00, we will discuss appellant's contentions in only those two counts.

■ In counts one and two appellant was charged with knowingly and intentionally exercising control over personal property, to-wit: current money of the United States of America of the value of $9,820.00 (count one) and $5,184.00 (count two) without the effective consent of James E. Freeman, the owner thereof and with the intent to deprive the said James E. Freeman of said property. Appellant's argument is that the State failed to prove the amounts were taken without the effective consent of Mr. Freeman. Under Tex.Penal Code Ann. § 31.01(4)(A) (Vernon 1974) consent is not effective if induced by deception. "Deception" means:

(A) creating or confirming by words or conduct a false impression of law or fact that is likely to affect the judgment of another in the transaction, and that the actor does not believe to be true; or

(B) failing to correct a false impression of law or fact that is likely to affect the judgment of another in the transaction, that the actor previously created or confirmed by words or conduct, and that the actor does not now believe to be true.

Tex.Penal Code Ann. § 31.01(1)(2)(A) & (B) (Vernon 1974). Mr. Freeman testified that appellant had told him he needed $9,820.00 on February 5, 1979, and $5,184.00 on February 21, 1979, to pay "ABF" who was holding up some of the business' inventory and equipment during shipment. The money was needed to release the goods. Mr. Freeman stated that it was represented to him by appellant that "ABF" was Arkansas Best Freight. Further evidence showed, however, that appellant did not pay these amounts to Arkansas Best Freight but instead to American Business Finance to

whom appellant had agreed to make restitution for personal debts. This is sufficient evidence to show that appellant exercised control over the two amounts of money without Mr. Freeman's effective consent. Thus grounds ten through nineteen are overruled.

In ground of error twenty, appellant contends the trial court charged the jury on a theory of deception not raised by the evidence. Appellant, however, made no objection to the charge on this ground in the trial court and had therefore presented nothing for review. *Garcia v. State*, 581 S.W.2d 168 (Tex.Cr.App.1979). Ground twenty is overruled.

■ In ground of error twenty-one, appellant argues the trial court committed reversible error in allowing evidence of an extraneous offense of theft from American Business Finance. The trial court instructed the jury that they were not to consider this evidence for any purpose other than for showing intent, motive, scheme, system and design of the appellant in connection with the offense charged. The theft from American Business Finance involved falsifying invoices factored by American Business Finance. When appellant's actions were discovered he made a restitution agreement with American Business Finance. Appellant then obtained from the complainant certain amounts allegedly due to Arkansas Best Freight and used these amounts to pay American Business Finance. We hold this evidence was properly admissible for the purpose of showing intent, motive, scheme, system and design by appellant to deprive Freeman of his money. *See McCarron v. State*, 605 S.W.2d 589 (Tex.Cr.App.1980); *Albrecht v. State*, 486 S.W.2d 97 (Tex.Cr. App.1972). Ground twenty-one is overruled.

■ In grounds of error twenty-two through twenty-five, appellant complains of the introduction of evidence seized from his office before his arrest. In a hearing outside the presence of the jury, James Freeman, who was paying the rent on appellant's office and who owned the corporation whose business was transacted from the office, testified that he authorized the seizure of the records from the office. It is well-settled that persons have authority to consent to a search when they have equal control over and equal use of the premises searched. *Williams v. State*, 621 S.W.2d 609 (Tex.Cr.App.1981); *Swift v. State*, 509 S.W.2d 586 (Tex.Cr.App.1974). Further, appellant did not controvert Freeman's testimony and thus no issue was raised requiring an instruction under Tex.Code Crim. Pro.Ann. art. 38.23 (Vernon 1979). *Davis v. State*, 474 S.W.2d 466 (Tex.Cr.App.1971). Grounds twenty-two through twenty-five are overruled.

■ In grounds of error twenty-six through twenty-nine, appellant contends the trial court erred in allowing the State to use a void Missouri conviction against appellant. Appellant was found guilty in 1973 of issuing a check with insufficient funds, a felony in Missouri. On December 7, 1973, appellant appeared with his attorney and was sentenced to two years imprisonment. In January 1974, appellant's attorney persuaded the judge to reduce the sentence to one year imprisonment. Appellant now claims the conviction was void because appellant was not present when his sentence was reduced. We find no merit in appellant's argument. He was properly found guilty of a felony and sentenced in accordance with state law in Missouri. A later reduction in sentence did not nullify the conviction. Grounds twenty-six through twenty-nine are overruled.

■ In ground of error thirty, appellant contends the trial court committed reversible error in allowing the State to argue about the effect of the evidence of the extraneous offenses. We find, however, that this argument was within the scope of proper responses to arguments made by appellant's counsel. *See Alejandro v. State*, 493 S.W.2d 230 (Tex.Cr.App.1973).

In appellant's final ground of error, he complains the trial court committed fundamental error in omitting the element of "effective consent" from the abstract definition of theft in the charge. The charge went on, however, to use the correct definition of theft in the application paragraphs of the charge. This is clearly not the same as completely omitting an element from a charge. *See Evans v. State*, 606 S.W.2d 880 (Tex.Cr.App.1980); *Rider v. State*, 567 S.W.2d 192 (Tex.Cr.App.1978). Furthermore, the charge does not authorize a conviction on a theory not alleged in the indictment. *See Plunkett v. State*, 580 S.W.2d 815 (Tex.Cr.App.1979); *Cumbie v. State*, 578 S.W.2d 732 (Tex.Cr.App.1979). For these reasons we do not find this error to be fundamental error. Appellant's final ground of error is overruled.

Affirmed.