**Michael Steven HUDDLESTON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 68450, 68451.**

Court of Criminal Appeals of Texas, En Banc.

Dec. 7, 1983.

---

Ross Teter, Dallas, for appellant.

Henry Wade, Dist. Atty. and John D. Nation, Knox Fitzpatrick and William M. Fry, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

W.C. DAVIS, Judge.

Appellant was charged with two counts of aggravated kidnapping. In cause number 68,450 he was convicted, and the jury assessed punishment at 20 years' confinement. The same jury found appellant guilty in cause number 68,451 of the lesser included offense of kidnapping, and assessed punishment at five years' confinement, probated for ten years.

Appellant now contends the indictment in cause number 68,450 was fundamentally defective for failing to allege abduction, an element of kidnapping. V.T.C.A., Penal Code, § 20.01(2) defines "abduct":

"Abduct means to restrain a person with intent to prevent his liberation by:

(A) secreting or holding him in a place where he is not likely to be found; or

(B) using or threatening to use deadly force."

The indictment alleges in pertinent part that appellant

". . . restrained the complainant, without the consent of the complainant, and with intent to prevent liberation by secreting and holding the complainant in a place where complainant was not likely to be found and by threatening to use deadly force, namely, a knife, on the complainant, . . ."

Appellant does not contend that abduction under § 20.01(2)(A) was not explicitly alleged. He appears to contend that the addition of the words "namely, a knife" negated the explicit allegation of abduction under § 20.01(2)(B) which immediately preceded those words.

Appellant's contention, then, is that because a knife is not in itself deadly force, but only its potential instrument, the allegation that appellant "restrained . . . by threatening to use deadly force, namely, a knife, . . . ." fails to allege a threat to use deadly force.

Appellant's argument must fail; first because it is clear that a common sense reading of the indictment includes the *sense* of the statutory words defining abduction, Art. 21.17, V.A.C.C.P., as well as the statutory words themselves; second, because this Court has held that the threat to use "a deadly weapon, namely, a pistol"—which substituted "a deadly weapon" for "deadly force" and, like the instant indictment, named that weapon, which was not in itself deadly force but rather an instrument

thereof—is sufficient to allege a threat to use deadly force. *Phillips v. State,* 597 S.W.2d 929, 934 (Tex.Cr.App.1980). If the indictment in that cause was sufficient, then the instant indictment, which explicitly set out the language of the statute, is *a fortiori* sufficient.

Appellant next contends in two grounds of error that the evidence adduced in cause number 68,450 is insufficient to prove abduction, either by threatening with a deadly force or by secreting the complainant in a place where she was not likely to be found.

The putty knife used by appellant was introduced into evidence. Officer R.N. Weger testified that he had had experience with knives in his ten years as a police officer, and that the knife in question could cause death or serious bodily injury "very easily".

 The complainant in that cause testified that appellant had threatened her with the knife. Although she stated upon cross-examination that she saw the knife only at the beginning of the episode, as she began to alight from her car and appellant forced her to sit in the passenger seat as he got in behind the wheel, she further testified that at the time he did display the knife appellant held it in her face.

The evidence is sufficient to prove the threatened use of deadly force. We need not consider whether the alternative theory of prosecution, that in taking the complainant to a park (at 4:00 a.m.) he was secreting her in a place where she was not likely to be found, has been established. The grounds of error are overruled.

Appellant next contends the evidence in cause number 68,451 was insufficient to prove abduction in that no evidence was adduced that appellant secreted the complainant where she was not likely to be found or that appellant there threatened her with the use of deadly force.

The complainant in cause number 68,451 testified that appellant accosted her outside her parents' house early one morning and told her to come with him or he would cut her. Appellant at that time was carrying a knife with a shiny blade about three inches long. The evidence was sufficient to show threat to use deadly force. The ground of error is overruled.

Appellant contends finally with regard to both causes that the instructions to the jury were fundamentally defective for failing to require the jury to find that appellant acted intentionally or knowingly before convicting appellant. The charges stated in pertinent part that, "appellant did unlawfully, knowingly or intentionally abduct another person...."

The State contends that the instruction clearly means that, in order to convict, the jury must find appellant acted both unlawfully *and* knowingly or intentionally. Appellant suggests that the instruction means that the jury must find only that appellant acted either unlawfully *or* knowingly or intentionally.

In reviewing the instructions as a whole, we note that the court stated that "[a] person commits the offense of kidnapping if he intentionally or knowingly abducts another person." The words "intentionally" or "knowingly" are also defined in the charge. Nowhere in the abstract portion of the charge did the court use the word "unlawfully."

We hold that in light of the charge as a whole, no fundamental error is presented.

The judgments are affirmed.