**Aubrey TATUM, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 13–83–276–CR.**

Court of Appeals of Texas,
Corpus Christi.

Dec. 8, 1983.

Rehearing Overruled Jan. 12, 1984.

Eugene Coffey, Corpus Christi, for appellant.

Grant Jones, Corpus Christi, for appellee.

Before NYE, C.J., and YOUNG and UTTER, JJ.

## OPINION

NYE, Chief Justice.

Appellant was charged by indictment with the offense of felony theft and Habitual Felony Offender on March 18, 1983. Appellant's motion to quash the enhancement counts of the indictment was granted (in part) on June 6, 1983, and trial commenced on that date. The jury returned a guilty verdict and assessed punishment at eight (8) years' confinement in the Texas Department of Corrections and a fine of $750.00. Appellant appeals on one ground of error. The sufficiency of the evidence is not challenged. We affirm.

Appellant contends that the indictment is defective because it does not set forth a sufficient description of the property taken. More specifically, appellant contends that the description of the property in the indictment as "one RCA color television" was insufficient to apprise appellant of what TV was taken. Appellant points to the requirements of Article 21.09, Tex.Code Crim.Proc.Ann. (Vernon Supp.1982–83), which provides, in part:

"If known, personal property alleged in an indictmente shall be identified by name, kind, number, and ownership. When such is unknown, that fact shall be stated, and a general classification, describing and identifying the property as near as may be, shall suffice...."

Appellant claims that the wording of Art. 21.09 required the state to identify the television by *"serial number"* rather than describing the property as "one" RCA color television. Alternatively, appellant argues that the State had some sort of burden to offer testimony that the serial number was not available or to introduce the exact television as evidence.

At the outset, we note that appellant has cited no authority to support this argument, nor did the appellant file a motion to quash the indictment. We hold that the appellant has waived this contention. *See Wood v. State,* 632 S.W.2d 734, 736–37 (Tex.Cr.App.1982) ("one truck tractor" and "one automobile"); *Bruner v. State,* 509 S.W.2d 620 (Tex.Cr.App.1974) ("one [1] pickup truck"); *Mays v. State,* 428 S.W.2d 325 (Tex.Cr.App.1968) ("one television set").

In *Wood v. State,* 632 S.W.2d 734 (Tex.Cr.App.1982), the Court of Criminal Appeals summarized that a descriptive averment of personal property is adequate if it alleges: "(1) quantity; (2) the general type of property, as long as it is more specific than merely stated 'property' or 'merchandise'; (3) ownership of the property; and (4) if necessary, the jurisdictional value of the property." *Wood* at p. 736. In the instant case, the indictment meets the foregoing standard. The indictment is specific as to (1) quantity—"one"; (2) the general type—"RCA color television"; (3) ownership—"owned by Jesus Rivera"; and (4) jurisdictional value—"of a value of over $200.00 but less than $10,000.00."

The property description of the subject indictment more than adequately complies with the requirements of Tex.Code Crim. Proc.Ann. art. 21.09 (Vernon Supp.1982–83). *See also Gaines v. State,* 501 S.W.2d 315 (Tex.Cr.App.1973). The sole ground of error is overruled.

The judgment of the trial court is affirmed.

## OPINION ON MOTION FOR REHEARING

On Motion for Rehearing, appellant assigns four grounds of error in his *pro se* brief. Appellant's *pro se* brief was not timely filed in this Court. However, in keeping with what other Texas appellate courts have been doing, we will address the arguments presented in the *pro se* brief.

In his first *pro se* ground of error, appellant complains that the charge includ-

ed the term "unlawfully" with the phrase "... intentionally or knowingly..." and, thereby, authorized the jury to convict appellant without a finding of a culpable mental state. "Unlawfully" does not describe a mental state, but rather is a conclusory allegation encompassing the criminal conduct charged. *See Reynolds v. State,* 547 S.W.2d 590, 591 (Tex.Cr.App.1977); *Grice v. State,* 635 S.W.2d 890, 893 (Tex.App.— Dallas 1982, d.r. ref'd). Appellant's first *pro se* ground of error is overruled.

Appellant next complains that the trial court erred in admitting into evidence state's exhibit number four containing records of a prior conviction for "breaking and entering." This ground of error is not supported by the record. The record reflects that State's exhibit number four was admitted in evidence with instructions that it was not to be presented to the jury. No error is shown.

Appellant's third *pro se* ground of error complains that the trial court erred in failing to charge the jury at the punishment stage of the trial on the failure of the defendant (appellant) to testify as not being "a circumstance against him." The absence of any objection to the charge and appellant's failure to offer a requested special charge on the failure of the defendant (appellant) to testify in his behalf not only failed to preserve, but also waived the error now claimed. *See Manry v. State,* 621 S.W.2d 619 (Tex.Cr.App.1981); *Jaffrion v. State,* 501 S.W.2d 322 (Tex.Cr.App.1973); *Handley v. State,* 480 S.W.2d 738 (Tex.Cr. App.1972); Tex.Code Crim.Proc.Ann. art(s). 36.14, 36.15 (Vernon Supp.1982–83).

Appellant's final ground of error contends that the evidence at trial was insufficient to prove "value" of the alleged tangible personal property taken by appellant. This contention is without merit. Mr. Jesus F. Rivera, previously employed by Wal-Mart Discount Stores, testified on direct examination that the price of the subject television set was "almost five hundred dollars." This was sufficient evidence

of value. Appellant's fourth *pro se* ground of error is overruled.

The motion for rehearing is overruled.