Larry Jerome GARRETT, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–85–0497–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 19, 1985.

Jimmy James, Houston, for appellant.

Richard Anderson, Norman Davenport, Asst. Dist. Attys., for appellee.

Before EVANS, C.J., and WARREN and SAM BASS, JJ.

## OPINION

EVANS, Chief Justice.

A jury found appellant guilty of aggravated sexual assault, found two enhancement

paragraphs alleging prior convictions were true, and assessed punishment at imprisonment for life.

We affirm.

Appellant's sole ground of error alleges that the court's charge was fundamentally defective because it permitted a conviction without the finding of a culpable mental state. The portion of the charge that the appellant claims is defective reads as follows:

> Now, if you find from the evidence beyond a reasonable doubt that on or about the 29th day of December, 1984, in Harris County, Texas, the defendant Larry Jerome Garrett, then and there unlawfully, intentionally or knowingly by the use of physical force or violence or by threatening the present use of force or violence against Juliet Alice Bixby, and Juliet Alice Bixby believed that the defendant had the present ability to execute the threat, and Juliet Alice Bixby was not the spouse of the Defendant, did cause the penetration of the vagina of Juliet Alice Bixby by placing his sexual organ in the vagina of Juliet Alice Bixby and without the consent of Juliet Alice Bixby and in the course of the same criminal episode the Defendant used or exhibited a deadly weapon, namely, a knife, then you will find the defendant guilty of aggravated sexual assault.
>
> Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the Defendant of aggravated sexual assault.

Appellant argues that the charge permitted the jury to convict appellant if they found that appellant unlawfully used physical force to sexually assault complainant, without their finding that appellant intentionally or knowingly committed such acts.

Two courts have held that the term "unlawfully," when used prior to "intentionally or knowingly" in a jury charge, is surplusage and that such a charge does not permit the jury to convict without finding a culpable mental state. *Tatum v. State*, 666 S.W.2d 181 (Tex.App.—Corpus Christi 1983, no pet.); *Grice v. State*, 635 S.W.2d 890, 893 (Tex.App.—Dallas 1982,

pet. ref'd). We adopt these holdings as the law of this case. Even if the inclusion of the word "unlawfully" was objectionable, it would not constitute reversible error in this case.

The complainant testified that she and her boyfriend had befriended appellant, an ex-convict. On the night of the sexual attack, appellant came to her apartment. He left for a while, came back, talked, and smoked a cigarette. He then picked up a knife in the kitchen and sexually assaulted the complainant. There was no question of identity. After the assaults ceased, and while appellant was lying on the bed, the complainant dressed, grabbed the knife, and ran for help. Shortly thereafter, the police arrested appellant at his apartment.

Appellant's defense consisted of his own testimony claiming that the rape never happened. He claimed that he and complainant, a local pediatrician, were smoking cocaine mixed with ether, and that complainant "freaked out" and ran from the apartment. He denied having intercourse with complainant that night, but claimed that he had intercourse with her on a prior occasion. The jury was entitled to believe the complainant's version of the incident, and if there was error at all, it was not egregious. *See Almanza v. State*, 686 S.W.2d 157 (Tex.Crim.App.1984).

Appellant's ground of error is overruled, and the judgment is affirmed.