Opinion issued February 14, 2008















In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-06-00767-CR
  __________
 
RAYMOND LUIS HOOKER, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee
 

 
 
On Appeal from the 339th District Court
Harris County, Texas
Trial Court Cause No. 1032210
 

 
 
MEMORANDUM OPINION
          A jury found appellant, Raymond Luis Hooker, guilty of causing serious bodily
injury to an elderly individual,


 and the trial court assessed punishment at eight-years
confinement. Confinement was suspended, and appellant was placed on community
supervision for eight years. In his first issue, appellant argues that the jury charge
caused him egregious harm because it required the jury to convict him if it merely
found that he acted “unlawfully.” In his second issue, appellant contends that the trial
court committed reversible error in overruling his objection to the inclusion of an
abstract charge instructing that an offense occurs if a person causes “bodily injury.” 
In his third issue, appellant claims that his second trial violated double jeopardy,
because the jury’s informal verdict in his first trial acquitted him of the charged
offense. Finally, in his fourth issue, appellant asserts an ineffective assistance of
counsel claim. We affirm. 
Background
          On the morning of June 2, 2005, appellant was driving down El Camino Real
Boulevard in Houston, Texas. At the same time, Dr. Jack T. Gunn, who was more
than 65 years old, was also driving on El Camino Real. It is undisputed that an
incident occurred, during which appellant and Gunn both came to a stop and left their
cars to speak to one another. It is also undisputed that appellant punched Gunn in the
head. Appellant claims that Gunn struck him first, causing appellant to act in self-defense. Gunn, however, testified that he never threw a punch at appellant. It was
later determined that Gunn had a broken bone in his face. 
          Appellant was charged with intentionally and knowingly causing serious bodily
injury to an elderly individual. The first trial resulted in a mistrial because of a hung
jury. After a second trial, the jury convicted appellant of the charged offense. The
trial court assessed punishment at eight-years confinement, which it suspended and
placed appellant on eight-years community supervision. Appellant now appeals.
Jury Instruction
          In his first and second issues, appellant argues that there was reversible error
in the jury charge because (1) it required the jury to convict appellant if it found that
he “unlawfully” caused serious bodily injury and (2) the trial court overruled
appellant’s objection to the abstract portion of the charge, which instructed the jury
that an offense occurs if a person causes “serious bodily injury” or “bodily injury,”
even though the application paragraph only allowed the jury to determine whether
appellant caused “serious bodily injury.”
Standard of Review
          In analyzing a jury charge issue, our first duty is to decide whether error exists. 
Middleton v. State, 125 S.W.3d 450, 453 (Tex. Crim. App. 2003). If we find error,
we then analyze that error for harm. Id. The degree of harm necessary for reversal
depends on whether the appellant preserved the error by objection. Id. When the
error is properly preserved, a reversal is required if “some harm” is shown. Herron
v. State, 86 S.W.3d 621, 632 (Tex. Crim. App. 2002). When the defendant fails to
object or states that he has no objection to the charge, we will not reverse for jury
charge error unless the record shows “egregious harm” to the defendant. Bluitt v.
State, 137 S.W.3d 51, 53 (Tex. Crim. App. 2004). Egregious harm is present
whenever a reviewing court finds that the case for conviction was actually made
clearly and significantly more persuasive by the error. Saunders v. State, 817 S.W.2d
688, 692 (Tex. Crim. App. 1991). 
Culpable Mental State
          In his first issue, appellant argues that the jury charge resulted in egregious
harm because the jury relied on an application paragraph which erroneously stated the
culpable mental state required to convict. The application paragraph of the jury
charge was as follows:
Now, if you find from the evidence beyond a reasonable doubt that the
defendant, Raymond Luis Hooker, in Harris County, Texas, on or about
the 2nd day of June, 2005, did then and there unlawfully, intentionally
or knowingly cause serious bodily injury to Jack Gunn, an individual
who was at least sixty-five years of age, by striking Jack Gunn with his
hand, then you will find the defendant guilty as charged in the
indictment.
(Emphasis added.) Appellant contends that this instruction erroneously required the
jury to convict him if it found that he “unlawfully” caused serious bodily injury. He
argues that this was a deprivation of his constitutional right to have a jury determine
whether he had the requisite criminal intent, his due process right to proof beyond a
reasonable doubt on every element of the charged offense, and his right to be
informed of the accusations brought against him.


 Additionally, appellant complains
that instructing the jury to consider whether he acted “unlawfully” compromised his
self-defense case, because self-defense depends on a finding that the defendant acted
justifiably, i.e., not unlawfully.
          We must first determine whether error exists in the charge. Middleton, 125
S.W.3d at 453. Appellant recognizes that “unlawfully,” as used in this context, has
been considered mere surplusage. See Garrett v. State, 702 S.W.2d 724, 725 (Tex.
App.—Houston [1st Dist.] 1985, pet. ref’d). However, he relies on the Texas Court
of Criminal Appeal’s reasoning in Huddleston v. State in arguing that “unlawfully,”
as used here, was not mere surplusage. 661 S.W.2d 111 (Tex. Crim. App. 1983).
          In Huddleston, the court held that the same “unlawfully, knowingly or
intentionally” language was not erroneous. Id. at 113. In its analysis, the court noted
that the abstract portion of the charge stated that an offense occurs only if the
defendant “intentionally” or “knowingly” acted, not “unlawfully.” Appellant
recognizes that a similar abstract instruction was given in his situation, but points out
that a jury note and the trial court’s response to the note show that the jury relied
solely on the application paragraph. In the note, the jury asked whether it was to
determine whether the appellant “did unlawfully, intentionally or knowingly cause
‘bodily’ or ‘serious bodily injury’ to Jack Gunn,” and pointed out the conflict in
terminology between the abstract charge, which mentioned both bodily and serious
bodily injury, and the application paragraph, which only mentioned serious bodily
injury. The trial court directed the jury to determine whether appellant caused
“serious bodily injury.” Appellant contends that the jury note and the trial court’s
response are proof that the jury utilized the erroneous “unlawfully, intentionally or
knowingly” culpable mental state from the application paragraph.
          In Huddleston, the court also noted that the charge did not define the term
“unlawfully.” Id. Here, appellant contends that, while “unlawfully” was not
specifically defined, the phrase “unlawful force,” as used in the self-defense
instruction, increased the importance of the term “unlawfully.” While “unlawful
force” was also not specifically defined in the instruction, appellant argues that the
phrase was given an operational definition as “an attack” where there is “a reasonable
expectation or fear of some bodily injury” or “apparent danger.” According to
appellant, this operational definition of “unlawful force” legitimized the concept of
“unlawfully” as used in the application paragraph. For these reasons, appellant
asserts that the word “unlawfully,” as used in this charge, was not mere surplusage.
          We disagree that an operational definition of “unlawful force” was given in the
charge. As used in the instruction, the phrase “a reasonable expectation or fear of
some bodily injury” describes that the necessity to use self-defense is viewed from
the standpoint of the person asserting self-defense.


 See Ex parte Drinkert, 821
S.W.2d 953, 955 (Tex. Crim. App. 1991). Similarly, the phrase “apparent danger”
simply instructed the jury that a person may act in self-defense even when there is not
an actual attack or attempted attack. Because “unlawfully” was not defined in the
abstract portion of the charge, but “intentionally” and “knowingly” were, this case is
on point with Huddleston, and the word “unlawfully,” as used in the application
paragraph, was mere surplusage. Therefore, we hold that appellant has not proven
that use of the word “unlawfully” was erroneous.
          Appellant’s first issue is overruled.
Lesser Included Offense
          In his second issue, appellant asserts that the trial court committed reversible
error in overruling his objection that the charge improperly instructed the jury on the
lesser included offense of causing “bodily injury” to an elderly individual.



          The indictment charged appellant with causing “serious bodily injury” to an
elderly individual. Appellant initially requested an instruction on the lesser included
offense of causing “bodily injury” to an elderly individual, but was allowed to
withdraw this request. The abstract portion of the jury charge instructed the jury that
“a person commits an offense if he . . . causes to an elderly individual, bodily injury
or serious bodily injury.” (Emphasis added.) The charge’s application paragraph,
however, only allowed the jury to convict appellant if it found that he caused serious
bodily injury. As discussed in appellant’s first issue, the jury sent the trial court a
note pointing out the conflict in terminology between the application paragraph and
the abstract instruction and asked whether it was to determine whether the appellant
caused “‘bodily’ or ‘serious bodily injury.’” The trial court directed the jury to
determine whether appellant caused “serious bodily injury.”
          Appellant asserts that the jury was placed in a position where it would have to
acquit him completely if it did not find he committed serious bodily injury, even if it
believed he was guilty of the offense of causing bodily injury. He contends that this
is analogous to expecting a jury to ignore an extraneous offense. Furthermore,
appellant argues that the error allowed him to be convicted for a crime with which he
was not charged and relieved the jury of its duty to find each element of the offense
before convicting.
          As with appellant’s first issue, we must first determine whether error occurred. 
Middleton, 125 S.W.3d at 453. Because the indictment only charged appellant with
causing serious bodily injury and because the jury was not allowed to convict on the
lesser included offense of causing bodily injury, the trial court erred in including an
abstract instruction providing that a person commits an offense by causing bodily
injury. Cf. Williams v. State, 226 S.W.3d 611, 618 (Tex. App.—Houston [1st Dist.]
2007, no pet.) (concluding that it was error for the trial court to include the definition
of “recklessly” in the abstract portion of the charge where the indictment did not
allege the culpable mental state of “reckless”).
          In determining whether harm occurred, our analysis depends on whether error
was preserved. See Middleton, 125 S.W.3d at 453. Appellant asserts that, because
he made a timely objection, we must determine harm under the “some harm”
standard. See Herron, 86 S.W.3d at 632. However, the record does not contain a
ruling from the trial court. To preserve error for appellate review, the complaining
party must make a specific objection and obtain a ruling on the objection. Wilson v.
State, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002). Therefore, because the record
does not reflect that appellant obtained a ruling, error was not preserved, and we
determine harm using the “egregious harm” standard. See Bluitt, 137 S.W.3d at 53. 
The actual degree of harm must be determined in light of the entire jury charge; the
state of the evidence, including the contested issues and the weight of probative
evidence; the argument of counsel; and any other relevant information revealed by
the record of the trial as a whole. Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim.
App. 1984) (op. on reh’g), overruled on other grounds, Rodriguez v. State, 758
S.W.2d 787 (Tex. Crim. App. 1988).
          In looking at the charge as a whole, while the abstract portion instructed that
an offense is committed if a person causes “bodily injury,” the application paragraph
only instructed that the jury could convict appellant for causing “serious bodily
injury.” Where the application paragraph correctly instructs the jury, an error in the
abstract instruction is not egregious. Medina, 7 S.W.3d at 640; Williams, 226 S.W.3d
at 618. Additionally, in reply to the jury note, the trial court expressly instructed the
jury to determine whether serious bodily injury was committed. As for the state of
the evidence, whether appellant caused bodily or serious bodily injury was not a
contested issue. Likewise, statements made at argument informed the jury that it was
to determine whether appellant caused “serious bodily injury” and defined “serious
bodily injury.” Therefore, after applying the Almanza factors to the record as a
whole, we hold that egregious harm did not result from the trial court’s erroneous
abstract instruction.
          Appellant’s second issue is overruled.
Double JeopardyIn his third issue, appellant asserts that his second trial violated double
jeopardy


 because the jury in his initial trial acquitted him by informal verdict.
          The application paragraphs in the first trial’s jury charge included the lesser
included offenses of recklessly causing serious bodily injury to an elderly individual



and intentionally or knowingly causing bodily injury to an elderly individual. The
jury was instructed that it first had to acquit appellant of a greater offense before it
could consider a lesser included offense. While deliberating, the jury sent a note to
the trial court, which stated:
The Jury is unable to reach a unanimous verdict. Both sides are adamant
in their opinions/convictions and neither side sees the ability to resolve
this without some new piece of evidence. It is 10-2 in favor of a guilty
verdict (guilty of intentionally or knowingly causing bodily injury to an
elderly individual). The 2 individuals very strongly believe the self-defense mitigation.

The trial court instructed the jury to continue deliberating. After the jury sent another
note complaining of a deadlock, the trial court declared a mistrial. The State elected
to retry appellant. Appellant filed a special sworn plea of double jeopardy, alleging
that the jury note constituted an informal verdict of not guilty as to the greater
offenses, because the charge qualified consideration of a lesser included offense on
the acquittal of a greater offense. Following a hearing, the trial court denied
appellant’s plea of double jeopardy. On appeal, appellant reiterates his double
jeopardy complaint.
Standard of Review
          We interpret appellant’s argument to be that the trial court erred in not granting
his special plea of double jeopardy. We review a trial court’s decision to deny a
double jeopardy claim under an abuse of discretion standard and consider any issues
of law de novo. Vasquez v. State, 22 S.W.3d 28, 31 (Tex. App.—Amarillo 2000, no
pet.). The burden is on the defendant to come forward with evidence in support of
his allegation of double jeopardy. Anderson v. State, 635 S.W.2d 722, 725 (Tex.
Crim. App. 1982). He must produce a record showing on its face that the State is
attempting to punish him twice for the same offense. See Gonzalez v. State, 8 S.W.3d
640, 645 (Tex. Crim. App. 2000). If the record fails to contain evidence to support
the plea of jeopardy, we may not reverse the trial court’s ruling. Anderson, 635
S.W.2d at 726.
Analysis
          In State ex rel. Hawthorn v. Giblin, the jury sent the trial court a note stating
that it was unanimous on the attempted murder charge, but were hung on the lesser
included offense. 589 S.W.2d 431, 432 (Tex. Crim. App. [Panel Op.] 1979). At the
State’s request, the court inquired whether the jury’s unanimous vote on the attempted
murder charge was for guilty or not guilty; the jury responded “not guilty.” Id. On
the defendant’s application for writ of prohibition, the Court of Criminal Appeals
held, “When a jury is instructed on one or more included offenses in addition to the
charged offense, it cannot be said that the jury has decided the issue submitted to it
until it declares the accused guilty of one of the offenses or not guilty of all of them.” 
Id. at 432–33. The court also rejected the argument that the jury note constituted an
informal verdict of acquittal as to the greater offense, concluding that such note was
merely an update of the deliberation’s progress. Id. at 433.
          Appellant attempts to differentiate his case by arguing that the court in
Hawthorn did not discuss the effect of the jury charge, whereas, here, the jury charge
in his initial trial predicated consideration of a lesser included offense on first
acquitting appellant of the greater offense. According to appellant, because the jury
note shows that the jury was deliberating on the lesser included offense of
intentionally or knowingly causing bodily injury, it must have acquitted him of the
two greater offenses, thus creating an informal verdict. We disagree. 
          Appellant’s argument overlooks that the jury in Hawthorn explicitly informed
the trial court that it unanimously found the defendant not guilty of the greater
offense. It also ignores the court’s holding that a decided issue requires that the jury
declare “the accused guilty of one of the offenses or not guilty of all of them.” Id. at
432–33. Because the jury in appellant’s initial trial did not declare appellant guilty
of one of the offenses or not guilty of all of them, we hold that no informal verdict of
acquittal was rendered. See Ex parte Cantu, 120 S.W.3d 519, 521 (Tex. App.–Corpus
Christi 2003, no pet.).
          Appellant’s third issue is overruled. 
Ineffective Assistance of Counsel
          In his fourth issue, appellant asserts that his defense counsel’s failure to object
to the jury charge or ask for additional instructions resulted in ineffective assistance
of counsel.
Standard of Review
          To be entitled to a new trial based on a claim for ineffective assistance of
counsel, a defendant must demonstrate on appeal that (1) counsel’s performance was
so deficient that he was not functioning as acceptable counsel under the sixth
amendment and, (2) there is a reasonable probability that, but for counsel’s error, the
result of the proceedings would have been different. Strickland v. Washington, 466
U.S. 668, 687, 694, 104 S. Ct. 2052, 2064, 2068 (1984). Appellant has the burden
to establish both prongs of the Strickland test by a preponderance of the evidence. 
See Jackson v. State, 973 S.W.2d 954, 956 (Tex. Crim. App. 1998).
          Because there is a strong presumption that trial counsel’s conduct fell within
the wide range of reasonable professional assistance, appellant must overcome the
presumption that counsel’s action or inaction might be considered “sound trial
strategy” under the circumstances. See Strickland, 466 U.S. at 689, 104 S. Ct. at
2065. Any allegation of ineffectiveness must be firmly founded in the record, which
must demonstrate affirmatively the alleged ineffectiveness. Thompson v. State, 9
S.W.3d 808, 813 (Tex. Crim. App. 1999). Generally, the record on appeal is
undeveloped, and a silent record that provides no explanation for counsel’s actions
will not overcome the strong presumption of reasonable assistance. Rylander v. State,
101 S.W.3d 107, 110–11 (Tex. Crim. App. 2003). When the record is silent
regarding counsel’s reasoning or strategy, we may not speculate to find trial counsel
ineffective. Gamble v. State, 916 S.W.2d 92, 93 (Tex. App.—Houston [1st Dist.]
1996, no pet.).
Analysis
          Here, the record is silent regarding counsel’s reasoning or strategy. 
Nevertheless, appellant appears to contend that the record affirmatively demonstrates
counsel’s ineffectiveness, because it shows that counsel failed to object to a charge
which deprived appellant of his constitutional rights. See Thompson, 9 S.W.3d at
813. In light of our holdings on appellant’s first and second issues, we disagree. 
Therefore, because the record is silent as to his counsel’s reasoning or strategy,
appellant has not overcome the presumption that counsel acted reasonably, and we
do not reach the merits of his ineffective assistance issue.
          Appellant’s fourth issue is overruled.
Conclusion
          We affirm the trial court’s judgment.
 
 
                                                                        George C. Hanks, Jr.
                                                                        Justice
 
Panel consists of Justices Nuchia, Hanks, and Higley.
 
Do not publish. Tex. R. App. P. 47.2(b).