

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-12-00021-CR

_____


IN RE:
ROBERTO YANEZ, JR


Original Mandamus Proceeding


Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Roberto Yanez, Jr., filed a petition for writ of mandamus listing Charles C. Bailey, the Titus County District Attorney, and the 276th Judicial District Court in Titus County as respondents. Yanez states that he was arrested in Titus County, that the arrest resulted in a detainer that "excludes him from participating in rehabilitative and educational programs," and that he filed a motion to dismiss the pending charge "based on the State's failure to bring Petitioner to trial within the prescribed 180 day period specified under the" Interstate Agreement on Detainers Act. Yanez prays that we issue a writ of mandamus compelling the district court and Bailey "to either dismiss the pending charge or bring him for a hearing."

This Court has jurisdiction to issue a writ of mandamus against "a judge of a district or county court in the court of appeals district." TEX. GOV'T CODE ANN. § 22.221(b) (West 2004). Because we do not have jurisdiction against a district attorney unless necessary to enforce our jurisdiction—and because Yanez has not demonstrated that mandamus relief is necessary for this purpose—we have no jurisdiction to the extent Yanez seeks relief against Bailey.

This leaves the request that writ issue against the district court. Mandamus is an extraordinary remedy that issues only to correct a clear abuse of discretion or violation of a duty imposed by law when no other adequate remedy by law is available. *State v. Walker*, 679 S.W.2d 484, 485 (Tex. 1984) (orig. proceeding). Due to the nature of this remedy, it is Yanez's burden to properly request and show entitlement to the mandamus relief. *Walker v. Packer*, 827 S.W.2d

833, 837–39 (Tex. 1992) (orig. proceeding); *see Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks.").

Yanez has the obligation to provide us with evidence in support of his claim that he is entitled to mandamus relief. He filed letters from the United States Department of Justice to Bailey requesting that final disposition be made on the charge. The last letter sent to Bailey September 28, 2010, reminded that Yanez was to be brought to trial "on the charges specified in your detainer" or the "180 day time period [would] lapse on December 19, 2010." There is nothing among the papers filed by Yanez indicating whether any further action was taken or even establishing the pendency of an action in the 276th Judicial District Court.

Titus County, ostensibly the county involved here, lies within both the 276th Judicial District and the 76th Judicial District—mostly overlapping districts covering Titus, Camp, and Morris Counties, except that the 276th Judicial District also covers neighboring Marion County. Though Yanez claims that the 276th Judicial District Court is responsible, the only court reference in the forms he has attached to his petition references the 76th Judicial District Court.

There is no record from either district court, and nothing to suggest that any charges are still pending or that any request has been made to either court for a ruling. Hence, Yanez has failed to meet his burden to show entitlement to mandamus relief.

3

We deny the petition for writ of mandamus.

Josh R. Morriss, III
Chief Justice

Date Submitted:     January 25, 2012
Date Decided:       January 26, 2012

Do Not Publish

4