In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-21-00358-CV
_____

IN RE STATE NATIONAL INSURANCE COMPANY

Original Proceeding
58th District Court of Jefferson County, Texas
Trial Cause No. A-207,673

MEMORANDUM OPINION

State National Insurance Company, Relator, petitioned for a writ of mandamus to compel the trial court to deny a motion to compel the deposition of Relator's corporate representative. The Real Party in Interest filed a Motion to Compel State National to produce a corporate representative for an oral deposition. Relator filed a motion to quash the deposition on the ground that Relator's payment of the appraisal award and prompt payment penalty precluded the Real Party in Interest, Gabriela Garcia, from pursing a claim for breach of contract. Relator urged the trial court to require Garcia to show a factual basis for an extra-contractual claim

before a deposition would go forward on topics that Relator argued were unrelated to the handling and resolution of the claim.[1] In the hearing on the motion to compel the deposition, the trial court noted that Relator had not moved for summary disposition of the case. The mandamus record does not indicate that Relator asked the trial court to sign a written order limiting the scope of the deposition.

In its mandamus petition, Relator argues the trial court abused its discretion by allowing a deposition of Relator's corporate representative after Relator completed the appraisal process and paid the award and the prompt payment penalty. Relator claims any remaining claims of the Real Party in Interest, Gabriela Garcia, are based on Relator's invocation of its contractual right to have the loss determined through appraisal. Relator argues the trial court further abused its discretion by failing to tailor the requested discovery to the existing issues in the case.

Writs of mandamus are issued to compel trial courts to perform ministerial acts or duties, or to correct a clear abuse of discretion when there is otherwise no adequate remedy through an ordinary appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d

---

[1] The topics identified in the notice of oral deposition included (1) claims handling procedures and materials, (2) role of claims adjuster, and (3) defendant's relationship with third-party adjusting companies. Relator complained to the trial court that the deposition would not lead to the discovery of relevant evidence, but Relator has not directed this Court's attention to a place in the record where Relator presented the trial court with specific overbreadth challenges to these topics as they relate to a bad-faith claim.

2

833, 839-40 (Tex. 1992) (orig. proceeding). An abuse of discretion occurs when a trial court's ruling is arbitrary and unreasonable or is made without regard for guiding legal principles or supporting evidence. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding); *Ford Motor Co. v. Garcia*, 363 S.W.3d 573, 578 (Tex. 2012). We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments. *In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136.

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that the Relator has not met its burden to obtain mandamus relief. Relator has failed to establish that the trial court clearly abused its discretion by granting the motion to compel the deposition of a corporate representative, or that the Relator lacks an adequate appellate remedy. We deny the petition for a writ of mandamus. *See* Tex. R. App. P. 52.8(a). The motion for temporary relief is denied as moot.

PETITION DENIED.

PER CURIAM

Submitted on December 1, 2021
Opinion Delivered December 2, 2021

Before Golemon, C.J., Kreger and Johnson, JJ.