**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-22-00358-CV**
_____

**IN RE THEODORE PUTMAN AND LITCHFIELD CAVO, LLP**

**Original Proceeding**
**60th District Court of Jefferson County, Texas**
**Trial Cause No. B-208,118**

**MEMORANDUM OPINION**

In a petition for a writ of mandamus, Relators Theodore Putman and Litchfield Cavo, LLP contend the trial court abused its discretion when it ordered an additional deposition of Putman. Relators also argue the trial court abused its discretion by failing to consider lesser sanctions, such as ordering a second deposition limited to certain questions.

We may grant mandamus relief to correct a trial court's abuse of discretion when an appeal is an inadequate remedy. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d

1

833, 839-40 (Tex. 1992) (orig. proceeding). An abuse of discretion occurs when a trial court's ruling is arbitrary and unreasonable or is made without regard for guiding legal principles or supporting evidence. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding). We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments. *In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136.

After considering the petition, the mandamus record, the response, the transcript of the hearing, and balancing the benefits of mandamus review against the detriments, we conclude that Relators have not established that the trial court's rulings constitute an abuse of discretion from which there is no adequate remedy by appeal. We deny the petition for a writ of mandamus. *See* Tex. R. App. P. 52.8(a).

PETITION DENIED.

PER CURIAM

Submitted on November 18, 2022
Opinion Delivered December 8, 2022

Before Golemon, C.J., Horton and Johnson, JJ.